ANTHONY BRUSSO, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

Where a city street is rendered unsafe by an excavation thereon, made by a contractor under direction of a department of the city government in the performance of a contract with such department, notice to the municipal corporation of the dangerous condition of the street is not a prerequisite to liability on its part for injuries caused by such defect. Having caused the excavation to be made the city is bound to see that it is carefully guarded; it is not absolved from this duty because it employed a contractor to make the excavation.

A person desiring to cross on foot a city street, either in the night or day time, is not confined to a crossing, but has a right to assume that all parts of the street are reasonably safe, and he may cross at any point that suits his convenience, without being liable to the imputation of negligence.

Where an excavation is so made under direction of the city and is left unguarded, this is sufficient to render it liable for resulting injuries; it is immaterial whether or not the highway is a city street.

The provision of the charter of the city of Buffalo of 1870 (§ 9, title 15, chap. 519, Laws of 1870) providing that all claims against the city, growing out of the water department, shall be presented to the water board for examination before they are presented to the common council, does not apply to claims for damages for injuries caused by an excavation in a street made by direction of the water department.

(Submitted November 27, 1882; decided December 12, 1882.)

THE nature of this action and the facts pertinent to the material questions discussed appear in the following extract from the opinion:

"This action was brought to recover for injuries sustained by the plaintiff in consequence of the alleged negligence of defendant in leaving open an unguarded excavation in one of

its streets, called Seneca street, into which the plaintiff fell while crossing the street, receiving serious injury.

" The excavation was made under the direction of the water department of the city by a contractor with that department. The plaintiff, in attempting to cross the street in the night time, fell into the excavation and received the injury. The learned counsel for the defendant took several exceptions at the trial, which he now claims point out errors for which the judgment should be reversed. *First.* He claims that before the city can be made liable it must be shown that it had notice of the dangerous condition of the street. But that rule does not apply to a case like this. The city was under an absolute duty to keep its streets in a safe condition for public travel, and was bound to exercise reasonable diligence and care to accomplish that end, and when it caused this excavation to be made in the street it was bound to see that it was carefully guarded, so as to be reasonably free from danger to travelers upon the street. It is not absolved from its duty and its responsibility because it employed a contractor to make the excavation. That is settled by a long line of decisions in this and other States. (*Storrs* v. *City of Utica,* 17 N. Y. 104; *Chicago City* v. *Robbins,* 2 Black [U. S.], 418 ; *Robbins* v. *Chicago City,* 4 Wall. 657–679 ; *Water Company* v. *Ware,* 16 id. 566; *City of St. Paul* v. *Seitz,* 3 Minn. 297; *City of Logansport* v. *Dick,* 70 Ind. 65; 36 Am. Rep. 166 ; Dillon on Municipal Corporations, §§ 791, 792, 793.)

" There was a controversy upon the trial of the action as to whether the excavation at the place where the plaintiff was injured was properly guarded. The verdict of the jury is conclusive upon that point in favor of the plaintiff.

" *Second.* It is claimed that there was a stone walk across the street, and that if the plaintiff had crossed upon that walk he would not have been injured. But a person desiring to cross the street either in the night time or in the day time is not confined to a crossing. He has a right to assume that all parts of the street intended for travel are reasonably safe ; and if in the night time he desires to cross from one side to the other, knows of no dangerous excavation in the street, or other obstruction, he may cross at any point that suits his convenience,

without being liable to the imputation of negligence. (*Raymond* v. *City of Lowell*, 6 Cush. 524, 530.)

" *Third*. It was claimed that the proof showed that the place where this excavation was made was not in one of the streets of the city, but that it was in a turnpike belonging to the " Buffalo and Aurora Plankroad Company." I think the evidence satisfactorily shows that it was in one of the public streets of the city. It was within its limits, and whether one of its streets or not, it was a highway used by the public, and that is sufficient to render it liable for the consequences of an excavation made under its direction and left unguarded.

"*Fourth*. Section 9 of title 15 of chapter 519 of the Laws of 1870 provides that all claims against the city, growing out of the water department, shall be presented to the water board for examination before they shall be presented to the common council for audit; and the point is now taken, and was taken upon the trial, that this claim was not presented to the water board. It is a sufficient answer to this point that this was not a claim against the city growing out of the water department, within the meaning of that section. The claims there referred to are claims growing out of contracts made with the water department, or services or materials rendered and furnished under the direction of that department. This was not properly, in any sense, a claim growing out of the water department, and hence it was unnecessary to present it to that department before presenting it to the common council."

*P. A. Matteson* and *E. C. Hawks* for appellants.

*Sherman S. Rogers* for respondent.

EARL, J., reads for affirmance, with costs.
All concur, except TRACY, J., absent.
Judgment affirmed.