No. 13,505.

STRINGER v. FROST.

NEGLIGENCE.—*Reckless Riding upon Street.—Liability of Infant.*—An infant who negligently, and without any contributory fault on the part of a pedestrian, rides down and injures the latter while crossing a public street, is liable in damages.

SAME.—*Care Required of Foot Passengers in ·Crossing Street:*—A person about to cross a public street on foot must take proper precautions to avoid collision with horsemen or vehicles, but the degree of care required at a railroad crossing is not necessary.

SAME.—*Anticipation of Injury.— Contributory Negligence.*—Foot passengers have equal rights in streets with other persons, and one is not guilty of negligence who fails to anticipate, and take special precautions against, injury by persons riding or driving at an unusual and dangerous rate of speed.

SAME.—*Evidence.—Amount of Travel Upon Street.*—In an action by a foot passenger to recover for injuries sustained in being run down in a public street, evidence of the large amount of travel upon the street is admissible as tending to show the impropriety of the defendant's conduct in riding thereon at immoderate speed.

PRACTICE.—*Objections to Evidence.—Must be Specific.*—A general objection to the admission of evidence on the ground that it is "incompetent, immaterial and irrelevant," presents no question for decision.

From the Allen Superior Court.

*M. L. Graff*, for appellant.

*J. B. Harper* and *W. G. Colerick*, for appellee.

MITCHELL, J.—Action by Harriet Frost against Elza T. Stringer and his minor son, Frederick O. Stringer, to recover damages alleged to have been wrongfully inflicted by the defendant Frederick O. Stringer upon the plaintiff, in negligently riding his father's horse upon her while she was crossing a public street in the city of Fort Wayne.

The jury returned a general verdict in favor of the father, and against Frederick O. Stringer, and they also returned answers to special interrogatories submitted to them by the parties respectively.

Stringer *v.* Frost.

On the appellant's behalf, it is contended that the answers to special interrogatories make it apparent that the plaintiff was guilty of contributory negligence, and that it was, therefore, error for the court to overrule his motion for judgment notwithstanding the general verdict.

It is doubtless the rule in cases of this nature, that a recovery will not be sustained whenever there is negligence on the part of the plaintiff contributing directly to, or which was a proximate cause of, the occurrence from which the injury arises, and that the burthen is upon the plaintiff to show that the injury is not attributable to any want of proper care on his part. *Murphy* v. *Deane*, 101 Mass. 455. We do not, however, concur in the view that this rule was violated by overruling the appellant's motion for judgment.

The general verdict affirmed the defendant's negligence, and that the plaintiff was herself in the exercise of due care, and it is too well settled to justify the citation of authority, that unless the facts specially found are in irreconcilable conflict with the general verdict, the general verdict must control.

It would serve no useful purpose to set out the interrogatories and the answers of the jury. It is quite sufficient to say they show beyond question that the defendant was culpably negligent, in that at the time of the collision he was riding his horse at an improper rate of speed along a much used public street in a populous city, and at the same time looking in another direction from that in which he was rapidly proceeding; and that they do not show the neglect of the plaintiff to take any reasonable precaution which would have prevented the collision that occasioned the injury.

We agree that it is the duty of a person crossing, or about to cross, a public street on foot, to look and take precautions according to the character of the thoroughfare, so as to avoid collision with approaching horsemen or vehicles; but it is obviously not necessary that the same high degree of vigilance should be demanded of a footman about to cross a public street, in order to avoid contact with a horseman, who

is likewise under a duty to be on the lookout, and to have his horse under careful control, as is required at railroad crossings, over which engines and trains of cars are necessarily run at a rate of speed not readily governable. *Wendell* v. *New York Central, etc., R. R. Co.,* 91 N. Y. 420; *Barker* v. *Savage,* 45 N. Y. 191; *Williams* v. *Grealy,* 112 Mass. 79.

Unless the occasion is of an extraordinary character, persons have no right to ride or drive through the streets of a populous city at a rate of speed which makes it dangerous to foot travellers using ordinary care, while trains of cars can not be moved so that their speed may be arrested in a moment, when footmen are seen in the way.

The court committed no error in overruling the appellant's motion for judgment notwithstanding the general verdict.

It is not necessary to discuss the sufficiency of the evidence. The plaintiff's testimony, which the jury must have accepted as true, sustains the verdict to the fullest extent.

Accepting the plaintiff's testimony, and it can not be said that she was guilty of contributory negligence, or that the want of ordinary care on her part proximately or directly contributed to the injury. Foot passengers have equal rights in the streets with those mounted on horseback or driving in carriages. Neither have a priority of right over the other. Both are bound to use reasonable care to avoid collision. *Belton* v. *Baxter,* 54 N. Y. 245; *Cotton* v. *Wood,* 8 C. B. (N. S.) 568.

The plaintiff had the right to cross the street at the crosswalk or elsewhere, exercising such caution and prudence as the circumstances demanded to avoid being injured, while the defendant had the right to ride along the street, observing such watchfulness for footmen, and having his animal under such control, as would enable him to avoid injury to others who had corresponding and reciprocal rights in the street. *Simons* v. *Gaynor,* 89 Ind. 165; *Murphy* v. *Orr,* 96 N. Y. 14; *Moebus* v. *Herrmann,* 108 N. Y. 349 (2 Am. State Rep.

440) ; *Brooks* v. *Schwerin,* 54 N. Y. 343 ; *Daniels* v. *Clegg,* 28 Mich. 32 ; *Shapleigh* v. *Wyman,* 134 Mass. 118.

Children and infirm persons, as well as those who are of mature years, and in the vigor and activity of health, have the right to walk along or across the streets of a city, observing such care as persons of like age and condition are accustomed to use, and all have a right to assume that carriages will not be driven, or horses ridden, over the streets at an improper rate of speed. *Birkett* v. *Knickerbocker Ice Co.,* 110 N. Y. 504.

It can not, therefore, be said as a matter of law, that one is guilty of negligence who does not anticipate, and take special precautions against, injury from the reckless and improper conduct of others in riding or driving at an unusual and dangerous rate of speed. *Coombs* v. *Purrington,* 42 Maine, 332; *Boss* v. *Litton,* 5 C. & P. 407; *Williams* v. *Richards,* 3 C. & K. 81.

Some questions were asked of witnesses, produced by the plaintiff below, which were objected to as "incompetent, immaterial and irrelevant." It has often been decided that an objection of this general character, without more, presents no question for decision. *Bundy* v. *Cunningham,* 107 Ind. 360; *Chapman* v. *Moore,* 107 Ind. 223 ; *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196.

A witness was also permitted to testify, over objection, that there was more travel upon the street over which the defendant was riding at the time he ran upon the plaintiff, than upon any other street in the city of Fort Wayne. As tending to show the impropriety of the defendant's conduct in riding at an immoderate rate of speed, this evidence was competent.

The alleged modification of the instructions asked by the appellant presents no question which requires a reversal of the judgment.

The judgment is affirmed, with costs.

Filed Jan. 8, 1889.