### BENNETT *v.* VILLAGE OF SING SING.

*(Supreme Court, General Term, Second Department.* May 11, 1891.)

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—SIDEWALKS.

> Defendant, a municipal corporation, in improving the grade of one of its streets, by digging it down, left the sidewalk elevated from three to six feet above the surface of the street, with various sharp projections from the sides of the elevation, which were nearly perpendicular. Plaintiff, a woman 58 years of age, passing along the sidewalk on a very dark night, attempted to cross the street to avoid the mud of the pavement, and in so doing fell down the sides of the elevation, striking against the projections, and sustaining thereby severe injuries. *Held,* that the defendant was guilty of negligence in leaving the sidewalk unprotected, and liable for the plaintiff's injuries, and that there was no contributory negligence on her part.

Appeal from Westchester county court.

Action by Hannah Bennett against the president and trustees of the village of Sing Sing, to recover damages for personal injuries caused by the alleged negligence of the defendant. From a judgment entered upon a verdict for the plaintiff, and from an order denying a motion for a new trial on the minutes of the court, the defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John Gibney,* for appellant. *Smith Lent,* for respondent.

DYKMAN, J. This action was commenced and tried in the county court, and the appeal is from a judgment entered upon a verdict in favor of the plaintiff, and from an order denying a motion for a new trial on the minutes of the court. The action is for the recovery of damages resulting from injuries sustained by the plaintiff by a fall, and the material facts are these: North Malcolm street is a public street in the village of Sing Sing, running north and south, as we assume. At the place of the accident were sidewalks on both sides of the street, seven or eight feet wide, with a brick pavement about about five feet wide in the center, in good order and condition. The side walk was about three feet higher than the road-bed, and there was more or less slope on the edge, but the angle of descent was left quite indefinite by the testimony. The edge was composed of soft rock, and was somewhat ragged. The plaintiff was walking on the sidewalk on the east side of the street in the evening, when it was quite dark, and she started to cross the street to the

west side. When she came to the bank at the edge of the sidewalk she fell, and received the injuries of which she now complains. The cause was tried before a jury, and the questions respecting the negligence of the defendant in leaving the street in the condition it was, and the contributory negligence of the plaintiff, were fairly submitted to the jury, and the finding was in favor of the plaintiff. We think this is a case where a recovery against the defendant may be sustained. It is a corporate duty, resting upon the municipal corporations in this state, under their charters, to maintain the streets and sidewalks within their municipalities in a reasonably safe condition for public travel, and whether it does so in a given case becomes a question of fact for a jury. *Bullock* v. *City of New York*, 99 N.Y. 654, 2 N. E. Rep. 1. This rule has no application to powers of a discretionary or legislative character, but only to such as are purely ministerial. As a result of this rule, such corporations are liable to individuals for injuries resulting from their negligence in maintaining the streets and sidewalks in a safe condition for travel in the usual modes. There is no evidence in this case tending to show that the grade of the street or sidewalk where the plaintiff received her injuries had been determined by the municipal authorities, but the testimony rather tended to show that a corporate duty to render the place safe had been neglected. The plaintiff had the right to cross the street at the place of the accident, upon the assumption that all parts of the street were reasonably safe. *Brusso* v. *City of Buffalo*, 90 N.Y. 679. There was no barrier or warning. In the case of *Clemence* v. *Auburn*, 66 N. Y. 334, a portion of the sidewalk was built upon a new grade, and where the old and the new walk were joined there was a difference of several inches, and a stone to connect them was laid at a slope of six inches in about three feet and a half, and the plaintiff slipped and fell there, and a nonsuit was held erroneous. In that case, as in this, the sidewalk was perfect in its way, but, as it was dangerous, it was deemed negligent to permit it to remain in that condition. We think the judgment and order should be affirmed, with costs.

BARNARD, P. J., (*concurring*.) The defendant is a municipal corporation, having such charge of its streets as highway commissioners have in towns. The proof shows that the village, to make an easier grade, dug down the part of a highway which is traveled by vehicles, and left some six feet high the sidewalk along the same. The descent was nearly perpendicular, and there were dangerous projecting sharp pieces of rock upon the inclosure from the sidewalk to the street. The plaintiff on a very dark night in December, 1889, was passing along this sidewalk. The paved part was bad under foot, and she attempted to cross to the other side of the street. In doing so she was thrown from the sidewalk to the street. She was 58 years of age, and heavy, and was injured severely. The defendant is liable, if the jury find that the road was unsafe. In the case of *Saulsbury* v. *Village of Ithaca*, 94 N. Y. 27, the court of appeals held the village liable to a person who was cast down from a sidewalk which was built above the street, and unguarded on either side by reason of a lack of railing. The plaintiff had a right to cross the street at any point. *Brusso* v. *City of Buffalo*, 90 N.Y. 679. The plaintiff was not, as matter of law, guilty of negligence which contributed to the injury. She knew there was some descent, but was ignorant of its extent. She was very careful. The boundary between the traveled part of the road and the sidewalk was not visible. *Jewhurst* v. *City of Syracuse*, 108 N. Y. 303, 15 N. E. Rep. 409. The judgment should be affirmed, with costs.

PRATT, J., concurs.