### MAY v. CITY OF BROOKLYN.

*(City Court of Brooklyn, Special Term. January 6, 1892.)*

MUNICIPAL CORPORATIONS—DEDICATION AND ACCEPTANCE OF STREET.

Lots in the town of New Lotts, adjoining the city of Brooklyn, were purchased by the city, by plaintiff, and others, by deeds referring to a map on which they were platted. The city closed one of the streets marked thereon and opened another (Dinsmore place) as a substitute, and for 25 years the latter was used by the public. *Held* that, after annexation of the town to the city, such street, as between plaintiff and the city, was a highway, and the city was liable for an injury to plaintiff caused by obstructions placed therein by employes of the city.

Action by Solomon May against the city of Brooklyn for injuries alleged to have been caused by negligence of defendant. Judgment for plaintiff.

*Ira Leo Bamberger*, for plaintiff. *Almet F. Jenks*, for defendant.

CLEMENT, C. J. The plaintiff proved on the trial of this case that on December 19, 1889, the employes of the defendant negligently placed upon Dinsmore place, in the Twenty-Sixth ward of this city, a number of large iron pipes, and left them there without any warning to travelers; and that on the following day one Asher May, while driving the horse and wagon of the plaintiff in said place, and in his employ, without carelessness on his part, struck the wheels of the wagon against the pipe in the street, and the plaintiff was damaged thereby. It is contended by the counsel for the defendant that Dinsmore place was not a public street at that time. On this point the plaintiff proved that the place had been used by the public for over 25 years, and that the same is laid out on the map made by the town survey commission, appointed pursuant to chapter 670 of the Laws of 1869. In the case of *Speir* v. *Town of Utrecht*, 121 N. Y. 420, 24 N. E. Rep. 692, the court of appeals decided that a private lane does not become a public highway, although the public are allowed to use it for a period of over 20 years. There must be a dedication, a use, and an acceptance, or an act from which an acceptance can be implied. The plaintiff also proved that in 1835 the farm which includes the property occupied by the plaintiff and that owned by the city was mapped, and that on the map Fourth street was laid out about 50 feet south of the land now known as "Dinsmore Place." Lots were sold by the map, and reference made thereto in the deeds, and between 1858 and 1862 the city of Brooklyn purchased a number of lots located on said map, and for convenience closed Fourth street and opened Dinsmore place as a substitute. It is clear that the owners or tenants of land included in said map had a right of way over the entire width of Dinsmore place, and it may be argued that the city, if it dedicates its own property as a way, cannot afterwards say that it did not accept such dedication. If proceedings had been taken to open Dinsmore place before the annexation of New Lotts, the city would have been entitled to an award of only nominal damages. *In re Commissioners of Public Parks*, (Sup.) 6 N. Y. Supp. 779. I very much doubt if any proceedings could be taken since the annexation, to open the street, or so much of it as is owned by the city in fee. The party making the dedication and the party to accept it are now the same. It is not necessary to decide the point before stated,

for whether or not Dinsmore place was a city street is immaterial. It was a highway as between the plaintiff and the city, and the corporation is liable under the case of *Brusso* v. *City of Buffalo*, 90 N. Y. 679. See, also, *Schade* v. *City of Albany*, (Cir. Ct.) 16 N. Y. Supp. 262. Judgment for plaintiff for $300 damages and costs; findings to be settled on two days' notice.