ELIZABETH B. TUCKER AND ANOTHER, RESPONDENTS, *v.* SALT LAKE CITY, APPELLANT.[1]

1. ACTION AGAINST CITY.—DEFECTIVE SIDEWALKS.—REASONABLE CARE.—NOTICE.—In an action against a city for personal injuries caused by a defective sidewalk, a charge that the burden of proof is on plaintiff to show the negligence charged by her; that it was the city's duty to use all reasonable care to keep its sidewalks in a reasonably safe condition; that knowingly failing to do so was negligence; that notice of the dangerous condition of a sidewalk might be inferred from the fact of its existence for such a length of time that the city officers whose duty it was to examine sidewalks and repair them, in the use of reasonable diligence, should have discovered the danger; that it was plaintiff's duty to use ordinary care in passing along the street; that if plaintiff was guilty of contributory negligence she could not recover; that it was the jury's province to determine from the evidence as to whether the sidewalk was dangerous for persons using ordinary care, whether the city had notice of the danger and whether plaintiff used ordinary care, is correct.

2. ID.—ID.—INSTRUCTIONS.—The court's refusal to instruct the jury to find for the defendant if the sidewalk was of sufficient

[1] Appealed to the supreme court of the United States October 15, 1894.

width and in such safe condition that plaintiff by the use of ordinary care could have avoided the injury, *held not error*, because it assumes that the city need not keep the whole width of its sidewalks in good condition.

3. CONSTITUTIONAL LAW.—JURY TRIAL.—UNANIMITY OF VERDICT. —Session Laws 1892, ch. 44, providing that in civil actions a verdict may be rendered by a concurrence therein of nine or more jurors, does not conflict with the constitution of the United States, amendment 7, which provides that in suits at common law where the value in controversy shall exceed $20, the right of trial by jury shall be preserved. *Hess* v. *White*, 9 Utah, 61 (33 P. R. 243) followed.

(No. 455.   Decided June 12, 1894.   37 P. R. 261.)

APPEAL from the District Court of the Third Judicial District, Hon Chas. S. Zane, *Judge*.

Action by Elizabeth B. Tucker and her husband against Salt Lake City for damages for personal injuries to the wife caused by a defective sidewalk.   From a judgment for plaintiffs, defendant appeals.   *Affirmed*.

*Mr. E. D. Hoge* and *Mr. Ed. F. Coad*, for appellant.

The court erred in allowing the witnesses to give their opinion as to whether or not the sidewalk was dangerous. It is a pure question of fact, and not of science or skill, and expert testimony is not proper and the opinions of witnesses are inadmissible.   *Montgomery* v. *Scott*, 34 Wis. 338; *Oleson* v. *Talford*, 37 Wis. 327; *Griffin* v. *Willow*, 43 Wis. 509; *Benedict* v. *Fond du Lac*, 44 Wis. 495; *Chicago* v. *McGiven*, 78 Ill. 78. ' The sidewalk was 20 feet broad at the place where the injury occurred, and the slanting portion was only 18 inches wide, and it was a question of fact for the jury whether there was sufficient width for the plaintiff to have passed along, by the use of ordinary care, without injury to herself, and the court's failure to

so instruct the jury at defendant's request was error. 2 Dill. Mun. Cor. § 1016; *Bassett* v. *St. Joseph*, 53 Mo. 290; *Fulliom* v. *Muscatine*, 70 Ia. 436 S. C. N. W. R. 861 ; *Brown* v. *Glasgow*, 57 Mo. 157; 77 Me. 44; 41 Ohio St. 363; 69 Wis. 203. Every defect or imperfection in the street of a city is not actionable. *Craig* v. *Sedalia*, 63 Mo. 419; *City of Quincy* v. *Baker*, 81 Ill. 300; *Chicago* v. *Bixley*, 84 Ill. 82; *Aurora* v. *Palfer*, 56 Ill. 270. An error in one instruction is not cured by another instruction, as it is impossible to say on which one of the instructions the jury acted. *Chidester* v. *Ditch Co.*, 53 Cal. 56; *Bank* v. *Blivin*, Id. 708; *Block* v. *Sprague*, 54 Cal. 278. The court erred in receiving a verdict concurred in by nine jurors. In addition to the authorities cited by appellant in *Hess* v. *White*, 9 Utah, 61, appellant here adds *Bradford* v. *Territory*, 1 *Oklahoma*, 366 (37 P. R. 1061); *McRea* v. *Ry. Co.*, 33 N. W. R. 561.

*Mr. Frank B. Stephens* and *Mr. Benner X. Smith*, for respondents.

No reason being assigned for an objection, the court cannot say there was error in allowing it. *Young* v. *Stephens*, 9 Mich. 507; *Snyder* v. *Willey*, 33 Mich. 490; *Ward* v. *Ward*, 37 Mich. 259; *People* v. *Apple*, 7 Cal. 289; *Kiler* v. *Kimbal*, 10 Cal. 268; *Martin* v. *Travers*, 12 Cal. 244; Hayne, New Trial, and Appeal, § 105. Where a city opens a sidewalk to public travel, it is bound to keep every portion of it in repair. *Roe* v. *City of Kansas*, 13 S. W. R. 404; *Bruson* v. *Buffalo*, 90 N. Y. 679; Morrill on City Negligence, 67; *Walker* v. *City*, 12 S. W. R. 894. All persons using streets and sidewalks have the right to assume that they are in good and safe condition, and to regulate their conduct upon that assumption. *Kenyon* v. *Indianapolis*, 1 Wilson (Ind.), 139; *Gibbons* v. *Phoenix*, 15 N. Y. S. 410; *Darland* v. *Railroad*,

19 W. Dig. 76; *McGuire* v. *Spence*, 91 N. Y. 303; *Chicago* v. *Hickok*, 17 Brad. 142; *Chicago* v. *Babcock*, 32 N. W. R. 271.

MERRITT, C. J.:

This action was brought by plaintiff and her husband, who has since died, against the city of Salt Lake. The complaint alleges that on or about the 1st day of August, 1890, in front of the livery stable formerly known as Mc-Kimmin's stables on the north side of Third South street, between Main and West Temple streets, the said city made, constructed, and caused to be constructed and put down an iron, glass and cement sidewalk, a portion of which was negligently, wilfully, and knowingly constructed on a sharp decline, making a steep and slippery descent, dangerous, etc.; that plaintiff, when passing along said sidewalk was unaware of danger, stepped on said incline, without fault or negligence on her part, was thrown upon the sidewalk, and broke her arm, etc., for which damages were claimed in the sum of $4,500. The answer denied all the allegations of the complaint. A trial was had before the court and a jury. The jury rendered a verdict in favor of plaintiff for the sum of $2,000, and judgment was rendered by the court in favor of plaintiff for said sum and costs. Defendant moved for a new trial, which was overruled, whereupon defendant appealed, and assigned as error the failure of the court below to give certain instructions asked by defendant, and also excepted to the charge given by the court to the jury.

From a careful examination of the record, we find no error; the charge of the court below was full, and stated correctly the law of the case. The court charged the jury "that the defendant had put in an answer denying the allegation as to negligence on the part of the city, and the burden of proof is on the plaintiff to show by a

preponderance of evidence the negligence charged in the complaint; that it was the duty of the city to use all reasonable care to keep and maintain the sidewalk in a reasonably safe condition to persons passing upon it, and if the city knowingly failed to do so it is chargeable with negligence. Though there may not be any actual notice to the city, or any of its authorized officers whose duty it is to repair the sidewalks and remedy dangerous places, yet if you believe from a preponderance of evidence that the danger had remained there any length of time; that the city officers whose duty it was to examine sidewalks and repair them, in the use of reasonable diligence, should have discovered the danger,—then you have a right to infer notice to the city." The court further instructed the jury that if they believed, from a preponderance of the evidence, that the city permitted this dangerous sidewalk, as alleged in the complaint, to remain in the street, after the city officers whose duty it was to repair the streets knew of it, or should have known of it in the use of reasonable diligence, and if they further believed that the plaintiff, without fault on her part, and with the use of due care, while walking along the street, stepped upon the incline, as described in the complaint, and was thrown down and suffered injury as alleged, then that they should find for the plaintiff. The court further charged the jury that it was the duty of the plaintiff to use ordinary care, in passing along the street, to see and observe any dangerous places in the street, and if they believed, from a preponderance of the evidence, that she was guilty of negligence in stepping on such a dangerous place,—"if you believe from the evidence it was,—which contributed to the injury, then she cannot recover." The court further charged the jury that it was their province to determine, from all the evidence, in the first place, whether the

danger existed, and whether the city had notice of it; as to whether it was dangerous to persons walking along with ordinary care; and as to whether the plaintiff used reasonable care. These charges, we think, fully and fairly stated the law of the case, and were quite as favorable to the defendant as the law would justify.

We have examined the proposed instructions asked by defendant and which were not given by the court, and find that their substance was already given by the court in its charge, with the following exception, viz.: The defendant asked the court to charge the jury that, "if you find from the evidence that the sidewalk where the plaintiff Elizabeth Tucker was injured, was of sufficient width, and in such safe condition, that the said plaintiff, Elizabeth Tucker, by the use of ordinary care, could have avoided the injury complained of, you must find for defendant." —which the court refused to give, and which ruling was excepted to by defendant, and who now assigns the same as error. The court properly refused to give said instruction, because it was an assumption on the part of appellant that as a matter of law the whole width of the sidewalk need not be in good condition, and that a city is not compelled to keep the whole width of the sidewalk in good condition. That is not the law. "Where a city opens a sidewalk to public travel, it is bound to keep every portion of it in repair." *Roe* v. *City of Kansas* (Mo. Sup.), 13 S. W. 404; Morrill, City Neg. 67; *Brusso* v. *City of Buffalo,* 90 N. Y. 679. All persons using streets and sidewalks have the right to assume that they are in good and safe condition, and to regulate their conduct on that assumption. *Kenyon* v. *City of Indianapolis* (Ind.), 1 Wils. 139; *Gibbons* v. *Village of Phoenix* (Sup.), 15 N. Y. Supp. 410; *Hopkins* v. *Ogden City,* 5 Utah, 390, 16 Pac. 596. The city engineer of the defendant corporation testified as follows: "I saw the sidewalk where the plaintiff fell, when

being constructed. I considered the slope too great for
safety, and know it has remained in the same condition as
when constructed." The defendant offered no testimony in
the case. We consider that the defendant corporation was
guilty of gross negligence. The validity of a verdict by
nine jurors has already been sustained by the court, and
we adhere to our former ruling. There is absolutely no
merit in this appeal. The judgment is affirmed.

MINER, SMITH, and BARTCH, JJ., concur.