THE FRED W. WOLF COMPANY, A CORPORATION, RESPONDENT, *v.* THE SALT LAKE CITY BREWING COMPANY, A CORPORATION, APPELLANT.[1]

CONSTITUTIONAL LAW.—JURY TRIAL.—UNANIMITY OF VERDICT.— Session Laws 1892, ch. 44, providing that in civil actions a verdict may be rendered by a concurrence therein of nine or more jurors, does not conflict with the constitution of the United States, amendment 7, which provides that in suits at common law where the value in controversy shall exceed $20 the right of trial by jury shall be preserved. *Hess* v. *White*, 9 Utah, 61 (33 P. R. 243), followed.

(No. 457. Decided June 13, 1894. 37 P. R. 262.)

APPEAL from the District Court of the Third Judicial District, Hon. George W. Bartch, *Judge*.

Action by the Fred W. Wolf Company, a corporation,

---

[1]Appealed to the supreme court of the United States, June 25, 1894.

against the Salt Lake City Brewing Company, a corporation. From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*Mr. W. H. Dickson* and *Mr. W. C. Hall,* for appellant.

Appellant propounded and discussed the following propositions:  *First*—Has the legislature power so to change the law in relation to juries as to provide that petit juries may be composed of a less number than twelve?  *Second*—Has the legislature the power to provide that a number of the petit jury, less than the whole number, may render a verdict?  And cited the following authorities in support of the negative.  41 N. H. 550; 11 Nev. 59; 13 N. Y. Ap. 425; 5 Smedes Marshal, 682; *Hurtado* v. *People,* 110 U. S. 516; *Rowan* v. *State,* 30 Wis. 129; Cooley's Const. Lim. 410, note 2; Sedg. Stat. and Cons. Law, 547.

*Mr. Frank Pierce,* for respondent.

Respondent relies upon *Hess* v. *White,* 9 Utah, 61, (33 P. R. 243).  The seventh amendment to the constitution of the United States does not apply to territorial courts, unless they are determining federal questions.  These courts have two distinct and separate functions to perform.  *First*— The interpretation and administration of federal laws, and they are confined in this branch of their work to cases arising under article III. of the constitution of the United States and the laws of congress upon questions within this article.  *Second*—The interpretation and administration of common law and equity cases and territorial statutes.

Under the first they are purely United States—district and circuit courts.  Under the second they are parallel to and exercise the same jurisdiction as state courts.  There are two distinct grants of power to the territorial courts, Constitution U. S , Art. III; Revised Stat. U. S., §§ 1868, 1910.  It is now well settled that the seventh amendment is not a prohibition upon states, but a limitation

upon federal courts.   *Walker* v. *Sauvinet,* 92 U. S. 90; *Edwards* v. *Elliott,* 21 Wall. 532;  *Pearson* v. *Yewdall,* 95 U. S. 294;  Cooley Const. Lim. 5 ed., p. 26;  *Ellenbecker* v. *Plymouth Co.,* 134 U. S. 31;  *Livingston* v. *Moore,* 7 Peters, 469.   Congress has always granted to the territory a large measure of local self-government.   *Clinton* v. *Englebrecht,* 13 Wall. 434.   Territorial courts are creatures of statute and not subject to constitutional provisions in respect to state or federal jurisdiction.   *Benner* v. *Porter,* 9 How. 242; *Good* v. *Martin,* 95 U. S. 90;  *Am. Ins. Co.* v. *Canter,* 1 Pet. 511;  *Clinten* v. *Englebrecht, supra; Hornbuckle* v. *Toombs,* 18 Wall. 648.

MERRITT, C. J.:

The appellant's only point for setting aside the verdict and for reversal of the judgment in this case is that the verdict of the jury was concurred in by only nine of the jurors.   The record presents only this question: " Can nine concurring jurors render a verdict?"   The legislature of Utah, on March 10, 1892, amended the jury law, and provided that "in all civil cases a verdict may be rendered on the concurrence of nine or more members of the jury." This statute has been held valid by this court in the case of *Hess* v. *White,* 33 Pac. 243, and also by this court, at its present term, in the cases of *Publishing Co.* v. *Fisher, ante,* p. 147 (37 Pac. 259), and *Tucker* v. *Salt Lake City, ante,* p. 173 (37 Pac. 261).   There being no other error assigned, the judgment of the court below is affirmed.

MINER and SMITH, JJ., concur.