## CITY OF INDIANAPOLIS *v.* SCHOENIG.

[No. 7,270. Filed June 9, 1911.]

1. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 78.

2. APPEAL.—*Variance.*—*New Trial.*—No objection to a complaint can be made on the ground that the evidence does not support it, such question being properly raised by a motion for a new trial. p. 78.

3. MUNICIPAL CORPORATIONS.—*Streets.*—*Defective Gutters.*—*Jury.* —Whether a gutter along a street, twenty-eight inches deep, and so situated that a pedestrian in the night might fall therein while passing along the street, was dangerous to pedestrians, is a question for the jury. p. 78.

4. MUNICIPAL CORPORATIONS.—*Streets.*—*Defects.*—*Evidence.*—*Question for Jury.*—Where the evidence in reference to an alleged defect in a street is without conflict, but reasonable men might differ as to whether such defect constituted a dangerous one, the question thereof is one for the jury. p. 80.

5. APPEAL. — *Weighing Evidence.*—*Streets.*—*Defects.*—A verdict, upon conflicting evidence, that a street was defective, is conclusive on appeal. p. 80.

6. MUNICIPAL CORPORATIONS. — *Streets.*—*Gutters.*—*Guards.*—It is the duty of a city in the construction of its streets to make the traveled way thereof and adjacent places reasonably safe for travel, and a failure therein renders it liable to one injured thereby. p. 80.

7. MUNICIPAL CORPORATIONS. — *Streets.* — *Defects.* — *Contributory Negligence.*—*Care.*—A pedestrian who walks diagonally across a street instead of going straight across from sidewalk to sidewalk is not guilty of contributory negligence as a matter of law, such pedestrian being required to use care commensurate with the known danger; but where he is ignorant of the defect in the street that caused his injury, he may assume that the street is reasonably safe for travel. p. 81.

8. APPEAL.—*Record.*—*Instructions.*—*Failure to File.*—Where instructions are not brought into the record by a bill of exceptions, and the record fails to show that they were "filed with the clerk of the court at the close of the instruction of the jury" (§561 Burns 1908, Acts 1907 p. 652), they are not a part of the record and cannot be considered. p. 83.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Joseph Schoenig against the City of Indianapolis. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Frederick E. Matson, James D. Peirce* and *Crate D. Bowen,* for appellant.

*Charles B. Clarke, Walter C. Clarke, Clement M. Holderman* and *Renner & McNutt,* for appellee.

LAIRY, C. J.—This is an action brought by appellee for injuries received by him while traveling on one of the streets of appellant city. A complaint was filed in the Marion Circuit Court, to which appellant demurred for want of facts. This demurrer being overruled, appellant answered in general denial. A change of venue was then taken to the Morgan Circuit Court, where the cause was tried before a jury, resulting in a verdict for appellee in the sum of $1,800, on which judgment was afterwards rendered.

From this judgment an appeal is taken, and the following errors assigned for reversal: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling the demurrer to the complaint; (3) the court erred in overruling the motion for a new trial.

No objection to the complaint is pointed out by appellant in his brief, and no authorities are cited bearing upon this

proposition. The brief contains no argument as to the sufficiency of the complaint, the only question raised with reference to it, being that the evidence in the record does not sustain it on the theory upon which it is drawn. This question cannot be considered as affecting the complaint, but can be properly considered only in passing upon the motion for a new trial. Errors assigned but not discussed in the brief of the party assigning them will be treated as waived. *Stamets* v. *Mitchenor* (1906), 165 Ind. 672; *Hoover* v. *Weesner* (1897), 147 Ind. 510; *Starkey* v. *Starkey* (1906), 166 Ind. 140; *City of Fort Wayne* v. *Patterson* (1900), 25 Ind. App. 547.

Several causes are assigned for a new trial, but the only ones discussed are the following: (1) The verdict is not sustained by sufficient evidence. (2) The verdict is contrary to law. (3) The court erred in giving certain designated instructions of its own motion. (4) The court erred in giving certain designated instructions requested by appellee. (5) The court erred in refusing to give certain designated instructions requested by appellant.

The evidence tends to show that appellee received the injuries for which he sues by falling into a deep gutter on the east side of Fulton street, near the corner of Ohio street, in the city of Indianapolis, on the night of July 27, 1907. The first contention of appellant is that said gutter was necessary and proper for the purpose of draining the street, and that the manner of its construction was not such as to constitute a dangerous defect in the street. Upon this question the evidence tends to show that Ohio street and Fulton street intersect at right angles; that Ohio street runs east and west, and is paved with brick, and that Fulton street is a gravel way; that the curb and pavement which constitute the improvement on Ohio street extend up into Fulton street for a distance of sixteen feet and two inches from the curb line of Ohio street, and that Fulton street is paved with brick for that distance north of said

curb line; that there was a cement sidewalk five feet wide along the curb line on the north side of Ohio street east of Fulton street, and a sidewalk six feet wide along the east side of Fulton street next to the property line; that the cement curb which forms a part of the Ohio street improvement is constructed parallel with the north property line of said street, and distant therefrom sixteen feet and two inches, and that this curb turns the corner of Ohio and Fulton streets and extends north parallel with the east property line of Fulton street, and distant therefrom fourteen feet and eight inches to a point on a line with the north property line of Ohio street where the curb and also the brick pavement terminate. There is an oblong area eleven feet and four inches long from north to south and eight feet and four inches wide, located between the sidewalk and curb on Fulton street, and immediately north of the sidewalk on Ohio street. This area was about six inches above the paved street, and was filled with gravel flush with the top of the sidewalk and curb. Near the center of the north end of this area the old open gutter on the east side of Fulton street connected with a tile-drain ten inches in diameter, which was constructed under this area south to a sewer near the north curb line of Ohio street. The bottom of the tile at the north end of this area was about twenty-eight inches below the surface of the area described, and the gutter was so constructed at that point that the bottom of said gutter was on a level with the bottom of the ten-inch tile, and about twenty-eight inches below the surface of said area. Above the tile was placed a stone, which was level with the sidewalk and curb, and the gravel was filled in behind this stone, so as to leave an off-set or declivity of about twenty-eight inches at the north end of the described area. The gutter at that point was not covered, and there was no rail or guard to prevent a pedestrian from stepping off the north end of said area into said gutter, and being injured. In that part of the city, as shown by the evidence, some of the sidewalks were constructed along

and adjoining the property line, while others were constructed along the curb line. The area described was of such a character that in the nighttime it might easily be mistaken for a sidewalk, and a person crossing Fulton street from the west, by deviating slightly to the north without leaving the paved portion of the street, and stepping upon this raised area near the north end thereof, would be exposed to the danger of being injured as a result of the unguarded defect at the north end of said area. Whether the condition of the street described was of such a character as to be dangerous to pedestrians using the streets and sidewalks, was a question of fact for the jury. Where the evidence in reference to the condition of a street is without

4. conflict, and the condition shown is of such a character that different minds of equal intelligence and candor might honestly reach different conclusions upon the question as to whether the condition shown constituted a dangerous defect or condition, that question is one of fact for the jury. *Heckman* v. *Evenson* (1897), 7 N. Dak. 173, 73 N. W. 427; *Gerald* v. *City of Boston* (1871), 108 Mass. 580; *Dowd* v. *Inhabitants of Chicopee* (1874), 116 Mass. 93.

The jury having found by its general verdict that the

5. condition shown was such as to make the street unsafe for travel, this finding cannot be disturbed on appeal. The defendant city having created this condition should have taken such precautions as were reasonably necessary to make the street at that point ordinarily safe for travel; and

6. a failure so to do is negligence, and renders the city liable. *Higert* v. *City of Greencastle* (1873), 43 Ind. 574; *City of Delphi* v. *Lowery* (1881), 74 Ind. 520; *Jones* v. *Inhabitants of Waltham* (1849), 4 Cush. 299. In the case of *City of Vincennes* v. *Spees* (1905), 35 Ind. App. 389, the language of the court was as follows: "This duty extends not only to the traveled way of streets and alleys, but to adjacent conditions. Ordinarily fences or barriers are not required along highways to prevent travelers from straying

out of their limits, but if there are excavations or other dangerous defects or obstructions close to the way, the city or local authorities are required to erect barriers or take other proper precautions to warn travelers of the danger."

The next contention of appellee is, that upon the undisputed facts, as disclosed by the evidence, appellee was guilty of contributory negligence. The evidence of appellee

7. shows that he walked east on the sidewalk on the north side of Ohio street, and started across Fulton street toward the northeast corner of Fulton and Ohio streets, and that after he crossed the street-car track he walked in a northeasterly direction, and stepped upon the curb at the north end of the raised area heretofore described in this opinion, and that in so doing he stepped off the declivity at the north end thereof, and was injured. His evidence shows that he did not walk directly east in crossing Fulton street and step upon the curb in a line with the sidewalk on the north side of Ohio street. Appellant insists that it thus appears that instead of traveling upon the sidewalk, which was safe and suitable for pedestrians, appellee, for his own convenience, attempted to cut the corner in a diagonal course, and thus unnecessarily exposed himself to the danger that caused his injury, and that he is therefore guilty of contributory negligence.

We cannot agree that the evidence shows without dispute that appellee intentionally left the way prepared by the city for the use of pedestrians. It is true that he walked in a northeasterly direction to the curb after crossing the street-car track, but he may have believed, from appearances, that the raised area between the curb and the sidewalk was the sidewalk on the east side of Fulton street intended for the use of pedestrians. The conditions shown by the evidence would have justified such an inference by the jury. We cannot, however, give our assent to the proposition that a pedestrian desiring to cross a street is bound to use the cross-

ing provided for that purpose, and that an attempt to cross at any other place is necessarily contributory negligence. Our Supreme Court has held that the fact that a footman undertakes to cross a street at a place other than the regular crossing for footmen will not, of itself, defeat an action for injuries caused by a horseman's negligently riding against him. *Simons* v. *Gaynor* (1883), 89 Ind. 165; *Stringer* v. *Frost* (1888), 116 Ind. 477, 2 L. R. A. 614, 9 Am. St. 875. In the case last cited the court said: "The plaintiff had the right to cross the street at the cross-walk or elsewhere, exercising such caution and prudence as the circumstances demanded to avoid being injured, while the defendant had the right to ride along the street, observing such watchfulness for footmen, and having his animal under such control, as would enable him to avoid injury to others who had corresponding and reciprocal rights in the street."

These cases are not directly in point, inasmuch as they do not hold that a pedestrian crossing the street at a point other than the regular crossing would not be guilty of contributory negligence so as to preclude a recovery for an injury caused by a defect in a street; but we think that the same rule should apply to such a case. If a person in walking diagonally across a street which he knows to be paved with brick or asphalt were to be injured by falling into an excavation in said street negligently left open and unguarded, he surely ought not to be held guilty of contributory negligence as a matter of law, merely because he was not using the crossing. If he knew of the dangerous condition of the street, a different question would be presented.

A person who attempts to cross a street at a place other than the crossing provided for that purpose, is bound to use care proportionate with the known danger; but if he knows of no dangerous excavation or obstruction he has a right to assume that all parts of the street intended for travel are reasonably safe for that purpose. *Brusso* v. *City of Buffalo* (1882), 90 N. Y. 679; *Collins* v. *Dodge* (1887), 37 Minn. 503,

35 N. W. 368; *Rea* v. *City of Sioux City* (1905), 127 Iowa 615, 103 N. W. 949; *Heckman* v. *Evenson, supra; Magaha* v. *Mayor, etc.* (1902), 95 Md. 62, 51 Atl. 832, 93 Am. St. 317; *Bennett* v. *Village of Sing Sing* (1891), 14 N. Y. Supp. 463.

There is no evidence that appellee had any knowledge of the defect in the street that caused his injury. The fact that he deviated slightly to the north in crossing Fulton street, and stepped upon the curb at a point twelve or fifteen feet north of the corner, did not constitute contributory negligence *per se.* The jury has by its verdict found that the appellant city was negligent, and that the appellee was free from contributory negligence, and there is evidence to sustain the finding upon both propositions.

Appellant complains of the action of the court in giving certain instructions to the jury, and in refusing to give certain instructions tendered by appellant. The appellee makes the point that the instructions cannot be considered, 8. for the reason that they are not properly in the record. The instructions were not brought into the record by a bill of exceptions, and the record fails to show that either the instructions given, or those tendered and refused, were filed with the clerk of the court at the conclusion of the instruction of the jury or at any other time. The statute provides that "all instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instruction of the jury." §561 Burns 1908, Acts 1907, p. 652. We must assume that the purpose of this requirement of the statute was to identify the instructions that the court gave, as was required under §558 Burns 1908, §533 R. S. 1881, where no bill of exceptions was filed. *Hadley* v. *Atkinson* (1882), 84 Ind. 64, 66; *Thompson* v. *Thompson* (1901), 156 Ind. 276; *Cleveland, etc., R. Co.* v. *Ward* (1897), 147 Ind. 256; *Ohio, etc., R. Co.* v. *Dunn* (1894), 138 Ind. 18; *Van Sickle* v. *Belknap* (1891), 129 Ind. 558; *Butler* v. *Roberts* (1889), 118 Ind. 481; *Fort Wayne, etc., R. Co.* v.

*Beyerle* (1887), 110 Ind. 100; *Childress* v. *Callender* (1886), 108 Ind. 394; *Blount* v. *Rick* (1886), 107 Ind. 238; *Landwerlen* v. *Wheeler* (1886), 106 Ind. 523; *Aufdencamp* v. *Smith* (1884), 96 Ind. 328; *Weik* v. *Pugh* (1883), 92 Ind. 382; *McIlvain* v. *Emery* (1882), 88 Ind. 298; *Heaton* v. *White* (1882), 85 Ind. 376; *O'Donald* v. *Constant* (1882), 82 Ind. 212; *Supreme Lodge, etc.,* v. *Johnson* (1881), 78 Ind. 110.

As the instructions are not in the record, no further question remains to be considered.

Judgment affirmed.