## CITY OF PRINCETON *v.* GUTHERIDGE.

[No. 9,488.   Filed February 7, 1918.]

1. MUNICIPAL CORPORATIONS. — *Personal Injuries.* — *Defective Streets.*—*Negligence.*—*Contributory Negligence.*—In an action against a city for personal injuries, evidence showing that plaintiff, while attempting to walk diagonally across a street intersection, stepped into a hole in the street pavement and was injured, that the presence of the hole, which had existed for several months, was concealed by a covering of leaves, and that there was nothing to warn pedestrians that it was dangerous to cross the intersection, was sufficient to take to the jury the question of the city's negligence and plaintiff's contributory negligence.   p. 605.

2. NEW TRIAL.—*Newly-Discovered Evidence.*—*Diligence.*—Newly-discovered material evidence is a cause for a new trial only when the party applying could not with reasonable diligence have discovered such evidence at the trial, and it is presumed within reasonable limits that he could have discovered the evidence by the exercise of reasonable diligence, and he is required to rebut such presumption, not by general statements only, but by particularly stating the means employed, or, if it appears that he has made no effort to produce such evidence, he must at least show that he did not have knowledge of any facts requiring him to make further inquiry.   p. 607.

3. NEW TRIAL.—*Grounds.*—*Newly-Discovered Evidence.*—*Diligence.*—*Sufficiency of Showing.*—In an action against a city for personal injuries due to a defective street, a motion for a new trial setting forth that defendant's attorneys had learned only on the night before the commencement of the trial, lasting two days, that plaintiff a few years before had sued a nearby city for a similar accident and that, if a new trial was granted, defendant desired to introduce a certified copy of the complaint and proceedings in the former suit to show certain facts material to its defense, but showing no effort to procure the desired documentary evidence for use at the trial, the only excuse offered for such lack of diligence being that defendant's attorneys were engaged in preparing for trial after receiving the information as to the prior action, was properly refused as not showing that defendant city exercised reasonable diligence.   p. 608.

From Knox Circuit Court; *Benjamin M. Willoughby,* Judge.

Action by Belle Gutheridge against the city of Princeton. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Henry Kister* and *D. R. Head,* for appellant.

*Robert W. Armstrong, T. Morton McDonald* and *Samuel M. Emison,* for appellee.

CALDWELL, J.—Appellee brought this action against appellant in the Gibson Circuit Court to recover damages for personal injuries alleged to have been suffered by her October 12, 1913, by reason of the alleged defective condition of a certain public street in the city of Princeton. The negligence charged related to the maintaining of the street in such defective condition without guards or warning to apprise travelers of the existence of the defect. A trial in the Knox Circuit Court on a change of venue resulted in a verdict and judgment for $1,000. The sufficiency of the evidence on the issue of negligence and also the issue of contributory negligence is challenged.

The physical conditions at the place of the accident, as shown by uncontradicted evidence, were as follows: Broadway, a brick paved street, extends east and west through Princeton, intersecting Hall street at right angles. These streets had brick or concrete sidewalks along each side. The brick improvement of Broadway extended south on Hall street beyond the extended south line of the sidewalk of the former. Bordering the traveled way of Broadway there was a concrete curb extending four inches above the surface of the street and to the level of the sidewalk. The curb rounded the corner and extended south along the east line of Hall street to the end of the brick improvement. At the corner, however, for a distance of four feet the curb was absent. In this space there was a brick catch-basin extending down to a sewer, over the

intake to which there was an iron grating depressed somewhat below the surface of the street, and extending a distance back of the line of the curb and also about eight inches into the street. Above the grating and imbedded so that its top surface was on a level with the top line of the curb there was a cap stone about four feet square and four inches thick. It was about eight inches from the top of the cap stone to the top surface of the grating, and about eight inches of the latter extended into the street beyond the line of the stone. On the south side of Broadway and east of Hall street there was a six-foot concrete sidewalk with a five-foot grass plot between it and the curb. There was also a sidewalk and grass plot of like width along the east side of Hall street. The two sidewalks intersected and each extended to the curb. All the space at the southeast corner of the street intersection bounded by the two sidewalks and the curb, except the part thereof occupied by said cap stone, was concreted to the sidewalk level. There was also substantial evidence to the following effect: On the afternoon of October 12, 1913, there was a hole at the north edge of the grating, variously estimated by witnesses as four to six inches wide and eight to nine inches long, and with a depth equal to two bricks as testified to by one witness, and twenty-three inches as testified to by another witness. The hole was the result of the absence or removal of bricks. The hole and the grating at the time of the injury were concealed by a light covering of leaves. The hole had been there since July. On the afternoon of said day appellee, with two women friends, was traveling west on the sidewalk along the south side of Broadway, their destination being the depot, which was west of Hall street, and on the north side of Broadway. Arriving at the intersection, appellee, with her companions,

started diagonally northwest across the intersection. Neither she nor her companions saw the hole or knew of its existence. Being obscured by leaves, it was not easily discoverable. As appellee stepped from the concrete paving down to the street surface, her right foot and leg up nearly to her knee penetrated the hole, and as a consequence she was injured. The injuries consisted of abrasions and wounds on the ankle and leg, and in addition various sprains and bruises. There was nothing aside from the hole itself to indicate its presence, or to warn persons not to travel the intersection as appellee attempted to do. There was evidence that it was not unusual for people to cross that corner diagonally. Appellee served upon appellant the notice required by §8962 Burns 1914, Acts 1907 p. 249.

This evidence made a case properly for the determination of the jury on the issue of negligence. *City of Anderson* v. *Fleming* (1902), 160 Ind. 597, 599, 67 N. E. 443, 66 L. R. A. 119; *City of Indianapolis* v. *Schoenig* (1911), 48 Ind. App. 76, 95 N. E. 324; *City of Ft. Wayne* v. *Patterson* (1891), 3 Ind. App. 34, 29 N. E. 167. Likewise on the issue of contributory negligence, although appellee was traveling the street diagonally. *City of Indianapolis* v. *Schoenig, supra; Stringer* v. *Frost* (1889), 116 Ind. 477, 479, 19 N. E. 331, 2 L. R. A. 614, 9 Am. St. 875; *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404; *Simons* v. *Gaynor* (1883), 89 Ind. 165; *City of Dallas* v. *Webb* (1899), 22 Tex. Civ. App. 48, 54 S. W. 398; *City of Louisville* v. *Johnson* (1902), 24 Ky. Law 685, 69 S. W. 803; note to *Elam v. Mt. Sterling,* 20 L. R. A. (N. S.) 555; 28 Cyc 1430; 13 R. C. L. 468.

A second ground for a new trial was based on alleged newly-discovered evidence. The facts as set out in the motion are substantially as follows: In

1892 appellee filed in the circuit court of Wabash county, Illinois, sitting at Mt. Carmel, her complaint against the city of Mt. Carmel, Illinois, alleging that said city negligently maintained a certain open ditch in a public street, and that appellee fell into it whereby her ankle was dislocated and sprained and permanently injured, and her back, knees and hips bruised and wounded. A copy of such complaint is set out in the motion for a new trial. It is further alleged in such motion that a trial of that cause in the circuit court of Wabash county, Illinois, resulted in a judgment in appellee's favor. The further facts set out in the motion in support of such ground for a new trial are to the following effect: The trial court here assigned this cause to be tried on May 18, 1915, at Vincennes, in the Knox Circuit Court. The trial was commenced at that time and concluded in due course. Appellant's attorneys, one of whom was the mayor of the city, lived at Princeton. After ten o'clock on the night of May 17, such attorneys, including the mayor, received information at Princeton that a few years prior thereto appellee had recovered a judgment in said Wabash Circuit Court based on a claim that she had received an injury by falling into an open ditch in the city of Mt. Carmel, Illinois, but said attorneys at that time had no information as to the nature of such injuries. In order that such attorneys might reach Vincennes, in an adjoining county, in time to enter upon the trial of this cause as assigned, it was necessary that they leave and they did leave Princeton for Vincennes about one hour after receiving such information. Appellant neither prior to nor at the trial of this cause knew the nature of such complaint filed in such prior proceeding, or what injuries appellee thereby alleged she had suffered, and did not know of any witness by whom such facts might have

been proved. There is a general allegation that it was impossible for appellant to ascertain such facts in time to make proof thereof at the trial of this cause. The new evidence which appellant in the event of a new trial desires to introduce is a certified copy of, such complaint and of the proceedings had in said cause alleged to be on file or of record in the office of the clerk of the Wabash Circuit Court at Mt. Carmel, Illinois. It is made to appear also by certain affidavits filed in support of the motion for a new trial that on a retrial certain physicians who testified at the trial of this cause on the subject of appellee's injuries would modify their testimony favorably to appellant's cause, if the facts stated in such former complaint were shown to be true.

Newly-discovered evidence material to the party applying, which he could not with reasonable diligence have discovered and produced at the trial, is a statutory cause for a new trial. §585 Burns 1914, §559 R. S. 1881. It will be observed that under the statute newly-discovered material evidence is a cause for a new trial only in case the party applying could not with reasonable diligence have discovered and produced such evidence at the trial. A presumption is indulged against him within reasonable limits that he could have discovered such evidence by the exercise of reasonable diligence, and he is required to rebut such presumption, not by general statements only, but by particularly stating the means employed. If it appears that he has made no effort to discover or produce such evidence, he is required at least to show that he did not have knowledge of any facts or circumstances which required him to make further inquiry. If he has remained inactive, he must justify such inactivity by facts. *Zimmerman* v. *Weigel* (1901),

158 Ind. 370, 372, 63 N. E. 566; *Ward* v. *Voris* (1889), 117 Ind. 368, 20 N. E. 261; *Morrison* v. *Carey* (1891), 129 Ind. 277, 28 N. E. 697.

Appellant apparently recognizes the force of the foregoing well-established principles, but seeks to meet and avoid them on the ground that appellant's attorneys were busily engaged in preparing for and in the trial of the cause after receiving such information. It is not claimed that appellee misled or deceived appellant. Both she and her husband as witnesses were interrogated about such prior injury, and testified freely respecting it. Appellee testified that it was her left ankle that she injured at Mt. Carmel, and that she had recovered from the injury. Here the right ankle and knee and left hip were injured. The record here discloses that the hearing of evidence continued at the trial of this cause for two days. Appellant then had respecting such alleged newly-discovered evidence the information received at Princeton before the trial, and the information imparted by appellee and her husband as witnesses at the trial and yet no effort was made to procure the documentary evidence which appellant desires to introduce at a retrial. An effort is made to excuse such inactivity, as we have said, on the ground that appellant's attorneys were busily engaged as aforesaid. But perhaps there was some other agency, as by messenger or otherwise, through which appellant might have obtained specific information and the documentary evidence which appellant desires to introduce at a new trial. Perhaps the cities of Princeton, Vincennes and Mt. Carmel are situated but a few miles the one from each of the others, with direct railway and telephone connection. These suggested facts are not negatived by any alle-

gation. If true, it would seem at least that an effort should have been made to ascertain the facts specifically and to procure the desired evidence. It would seem also that had a reasonable effort been made the evidence could have been procured for use at the trial.

If it be conceded that such documentary evidence, and especially the complaint, had it been offered at the trial, would have been proper evidence in the nature of an admission (*Templer* v. *Lee* [1913], 55 Ind. App. 433, 436, 103 N. E. 1090), and that it would have been material on the issue of contributory negligence by reason of its tendency to prove that appellee's physical capacity was impaired by reason of such former injury, and that as a consequence she was required to exercise care accordingly. (29 Cyc 533; *City of Franklin* v. *Harter* [1891], 127 Ind. 446, 26 N. E. 882; *Balcom* v. *City of Independence* [1916], 178 Ia. 685, 160 N. W. 305, L. R. A. 1917C 120, and note), nevertheless, we are of the opinion that under authorities above cited it does not appear that appellant used the requisite degree of diligence to discover and produce such evidence at the trial.

If, as argued, such evidence, if offered and heard, would be especially material on the question of the extent of appellee's injuries, and consequently on the measure of recovery, yet for reasons as above appellant may not obtain a new trial based on its alleged discovery. In this connection, however, we suggest whether appellant may be heard to demand a new trial on the ground of newly-discovered evidence bearing only on the amount of recovery where on this appeal the amount recovered is not challenged. *Chesa-*

peake, etc., R. Co. v. Perry, ante 532, 118 N. E. 548, and cases.

No other questions are presented.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 584. Municipal corporations: liability for defective, or want of repair of, streets, 103 Am. St. 257.