No. 9872.

## SIMONS v. GAYNOR.

NEGLIGENCE.—*Street.*—Reckless and careless riding or driving upon a public street, whereby another, without fault, is injured; is actionable.

SAME.—*Street Crossing.*—*Contributory Negligence.*—The fact that a footman crosses a street elsewhere than at the usual crossings is not *per se* contributory negligence which will defeat an action against another who injures him by recklessly riding or driving against him.

SAME.—*Evidence.*—Municipal ordinances regulating the speed of driving may be considered in determining whether the defendant was guilty of recklessness in driving against the plaintiff.

From the Huntington Circuit Court.

J. C. Branyan, C. W. Watkins, M. L. Spencer, J. B. Kenner and J. I. Dille, for appellant.

—— Boyle and B. M. Cobb, for appellee.

ELLIOTT, J.—The appellee, while walking across one of the public streets of the city of Huntington, was struck and injured by a horse which the appellant was riding.

The fact that a footman undertakes to cross a street at a place other than the regular crossings for footmen will not, of itself, defeat an action for injuries caused by a horseman's negligently riding against him.

Footmen travelling the streets of a city are bound to exercise reasonable care, and if they are injured by reason of their omission to exercise such care, no action will lie. Whether reasonable care was exercised depends in a great measure upon the facts of the particular case, and no precise rule can be laid down. We can not in the present instance say that the jury did wrong in finding that the appellee was free from contributory negligence, and, therefore, will not disturb their verdict upon that ground.

Horsemen must exercise ordinary care to prevent injury to others in the lawful use of the street, and one who fails to exercise such care is liable in damages to a person, himself free from fault, who suffers injury from the want of care. Reckless and careless riding or driving on much travelled thoroughfares of a city constitutes actionable negligence. No one has a right to ride or drive upon a travelled public street at such a rapid rate of speed as will imperil the safety of others. *Williams* v. *Richards*, 3 Car. & K. 81. There was evidence in this case tending to prove that the appellant was riding carelessly and at a fast gait, and we can not say that the jury did wrong in inferring that there was culpable negligence on his part.

Ordinances of a municipal corporation may be taken into consideration in determining whether the speed of the horse at the time of a collision was excessive. One who rides or drives at a rate of speed greater than that prescribed by a statute or a municipal ordinance must expect that fact to be used as evidence against him. Shear. & Redf. Neg., sec. 305; *Madison, etc., R. R. Co.* v. *Taffe*, 37 Ind. 361.

Judgment affirmed.