FRANKLIN W. COLLINS *vs.* JOSEPH T. DODGE.

December 9, 1887.

Contributory Negligence — Crossing Unimproved Street at Night.—
   Negligence of the plaintiff in an action for damages will not be inferred
   from the fact that he attempted to cross an unimproved street in the
   night-time, at a place other than a regular crossing; nor is such an act of
   ·itself evidence of want of ordinary care.

Pleading—Damages—Evidence of Earnings.—The complaint in such ac-
   tion *held* sufficient to permit testimony tending to show the amount of
   plaintiff's monthly earnings as a professional man, and prior to the time
   the alleged injuries were received; and also *held* sufficient to warrant the
   jury in awarding general damages.

Appeal by defendant from an order of the district court for St. Louis county, *Start*, J., presiding, (acting for the judge of the 11th district,) refusing a new trial, after a verdict of $2,000 for plaintiff.

*Allen & Parkhurst*, for appellant. .

*White, Shannon & Reynolds*, for respondent.

COLLINS, J.   This action is brought to recover damages for personal injuries alleged to have been caused by defendant's negligence. The latter left unfenced and uninclosed, except as hereinafter stated, a ditch dug by him for sewer purposes from the cellar of his building, in the city of Duluth, to the outer edge of the gutter line of Third

avenue, and from thence parallel with the sidewalk, and but a few feet distant, south to Superior street. No lights were maintained by him, but he had caused scantling to be placed across the sidewalk, ·both north and south of that part of the excavation between the avenue and the cellar, and but a few feet therefrom. There were no barriers between the walk and that part of the ditch parallel thereto. The greater portion of the ditch on the avenue had been filled, but that part beside the walk, for a few feet south of where it turned towards the cellar, was about nine feet deep. On the night of September 2, 1885, plaintiff had occasion to go from his office to his sleeping apartments, some blocks distant. It had been raining, and was very dark. He passed along the walk mentioned in a northerly direction, until he reached the scantling placed across the same, south of the excavation, which prevented his further progress upon the sidewalk. He then turned to the left, with the intention of crossing the avenue, stepped from the walk to the gutter, and, upon attempting to go further, was precipitated to the bottom of the ditch, sustaining, as he claims, serious injuries.

In leaving the excavation without proper barriers and safeguards for the protection of the public the defendant was negligent, and this seems to be conceded by his counsel; but they urge that plaintiff contributed to such negligence by attempting to cross an unimproved street, naturally rough and uneven, except at a regular crossing, to which he should have retraced his steps. It is not negligence for a pedestrian to use the carriage path, but he must exercise care in so doing. *Coombs* v. *Purrington,* 42 Me. 332; *Raymond* v. *City of Lowell,* 6 Cush. 524, (53 Am. Dec. 57;) *Brusso* v. *City of Buffalo,* 90 N. Y. 679. Of necessity, the degree of care required must vary; but it is very certain that the traveller has the right to suppose that he has to meet and overcome the natural obstacles and irregularities of surface only, and that no one has prepared a pit in his way without a railing to prevent his walking into it, or a light to warn him of its existence. No distinction in this respect can be made between the completely worked and improved thoroughfare and one in its natural condition. The traveller by day or night is entitled to protection from dangerous excavations in either.

The plaintiff herein states in his complaint that, by reason of the alleged injuries, he has been unable to attend to his business and professional duties, from which he had before been able to earn a "comfortable living." Under such allegations,—having also stated his profession,—it is clearly competent to show what his earnings professionally were per month. *Bierbach* v. *Goodyear Rubber Co.*, 54 Wis. 208, (11 N. W. Rep. 514;) *Wade* v. *Leroy*, 20 How. 34.

But one more assignment of error need be noted. The complaint avers special damages sustained to the amount of $245, coupled with an allegation of plaintiff's *estimate* of his total damages. This in addition to the demand which is by statute made an essential of a complaint. The allegations are sufficient to warrant general damages, the elements of which are never susceptible of exact computation.

Order affirmed.