The City of Evansville v. Thacker.

doubt of the correctness of the instruction as a declaration of the principle of law contained in it.

Counsel for appellant argue error of the court in giving and refusing other instructions, but in the motion for a new trial complaint is made only of the refusal of the court to give the third instruction asked by the appellant, and to the giving by the court of the second instruction, on its own motion. We can not, therefore, consider further objections as to instructions given and refused.

The instructions when considered as an entirety sufficiently and fairly state the law applicable to the case. There was no error committed by the court in giving or refusing the instructions complained of.

The final contention of the counsel for the appellant is, that the verdict of the jury was not sustained by sufficient evidence. We have carefully read all the evidence given in the cause, and while it is not our duty to weigh the evidence or to determine the preponderance, or the question as to whether appellant was guilty beyond a reasonable doubt, it appears from the record that the evidence was sufficient to sustain the verdict returned by the jury.

Judgment affirmed, with costs.

Filed Sept. 29, 1891.

---

. No. 212.

THE CITY OF EVANSVILLE v. THACKER.

EVIDENCE.—*Overruling Objection to.—When not Considered.*—No question is presented by the overruling of an objection to a question asked of a witness where no ground of objection was stated to the court.

SAME.—*Cross-Examination of Witness.—Exclusion of Testimony.—Exception.— How Saved.*—The rule requiring that a party, in order to save an exception to the exclusion of testimony, shall state that the witness will testify to a fact specified, does not apply to cross-examinations. But

The City of Evansville *v.* Thacker.

whether it be on examination in chief or on cross-examination, no exception can be saved to the exclusion of testimony, if the record does not show a pertinent question to the witness.

NEGLIGENCE.—*Instruction to Jury.—Contributory Negligence.*—In an action against a city for the recovery of damages for personal injuries, alleged to have been sustained by the plaintiff by slipping and stepping into a dangerous hole in a wooden street crossing, an instruction to the jury correctly stated the law which informed the jury that before they found for the plaintiff they should be satisfied from the preponderance of the evidence that she herself used reasonable care to avoid the injury. After so instructing, it was not error to refuse to instruct the jury that they must be satisfied by a preponderance of the evidence that the plaintiff was not guilty of contributory negligence.

SAME.—*Knowledge of Defect.—Contributory Negligence.*—That the plaintiff, in an action for personal injuries occasioned by a defect in a highway, had knowledge of the defect, is not necessarily inconsistent with the exercise of reasonable care on his part, and does not conclusively establish contributory negligence.

SPECIAL FINDING.—*Answers to Interrogatories.—General Verdict.—Presumption in Favor of.*—Special findings of the jury in answer to interrogatories can not control the general verdict, unless they are irreconcilably in conflict with it, and in determining whether such conflict exists, every reasonable presumption will be indulged in favor of the general verdict. The special findings can not be aided by intendment, and no reference will be made to the evidence actually introduced and in the record.

COUNSEL.—*Misconduct of.— When not Properly Presented.*—Where the misconduct of counsel in using certain language in his closing  argument to the jury, was one cause assigned in the motion for a new trial, but no exception was taken to any ruling of the court in connection with the attorney's misconduct, and no action of the court in the premises was assigned as a cause for a new trial, the action of the trial court in refusing to grant a new trial for this cause can not be regarded as available error.

From the Vanderburgh Circuit Court.

*J. Brownlee,* for appellant.

*C. L. Wedding,* for appellee.

BLACK, J.—The appellee, May W. Thacker, sued the appellant to recover damages for personal injury occasioned by the appellee's slipping and stepping into a dangerous hole in a wooden street crossing, whereby the appellee was thrown

down and against a certain flag pole, and braces attached thereto, which constituted an obstruction of the street.

An issue formed by a denial of the complaint was tried by jury. There was a general verdict for the appellee for six hundred dollars.

The appellant's motion for judgment on answers returned by the jury to interrogatories, and its motion for a new trial, were overruled.

We will examine the questions to be decided in the order in which counsel have discussed them.

The first matter in dispute relates to the overruling of an objection to a question to a witness asked by the appellee. Of this it is sufficient to say that no ground of objection was stated to the court. *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196, and cases cited.

At the close of the testimony of the same witness, the record, not stating that there was any cross-examination of the witness, shows that the appellant offered to prove by said witness a certain fact stated, that the appellee objected, and that the objection was sustained.

It does not appear that the witness was asked any question by the appellant.

Where a party, having himself produced a witness, or having adopted as his own a witness first produced by his adversary, desires to make an offer of proof by such witness, he must first propound a pertinent question to the witness, and the offer should be, in some form, a statement to the court that the witness, if permitted to answer the question, will testify to a certain specified fact. *Judy* v. *Citizen,* 101 Ind. 18; *Higham* v. *Vanosdol,* 101 Ind. 160; *Beard* v. *Lofton,* 102 Ind. 408; *Ralston* v. *Moore,* 105 Ind. 243; *Morris* v. *Morris,* 119 Ind. 341; *Smith* v. *Gorham,* 119 Ind. 436.

On cross-examination, it might sometimes thwart a proper purpose if counsel, upon objection made by adverse counsel to a question asked, could be compelled to state the object of the question in the presence of the witness; and it is to be

expected that counsel cross-examining a witness will not be able ordinarily to state to the court that the adverse witness will testify to a particular fact. An offer of proof belongs naturally to an examination of the examiner's own witness.

How a particular matter is to be elicited from a witness, by what form of question it is to be drawn out, is important, and must always appear in the record to save any question concerning the exclusion of such matter.

The rule requiring that a party, in order to save an exception to the exclusion of testimony, shall state that the witness will testify to a fact specified, does not apply to cross-examiration. *Heagy* v. *State, ex rel.*, 85 Ind. 260.

In the case before us, the examination in chief of the witness by the appellee having ended, if a question proper for cross-examination had been asked by the appellant, it would not have been necessary for the appellant to state to the court what the witness would testify, in order to save an exception to the action of the court, if it had sustained an objection to the question. But whether it be on examination in chief or on cross-examination, no exception can be saved to the exclusion of testimony if the record does not show a pertinent question to the witness.

The next subject of dispute relates to an offer of the appellant to prove certain matters by one of its own witnesses. It does not appear what, if any, question to the witness preceded the offer, or that the appellant showed the court that the witness would testify to any particular fact.

In discussing the question of the sufficiency of the evidence, counsel for appellant has directed our attention to certain evidence tending to prove that the hole into which the appellee stepped had been repaired by the city a short time before the injury to the appellee. There was, however, evidence of a contrary tendency, and we can not interfere to determine the preponderance of the evidence.

It is contended on behalf of the appellant that certain instructions given to the jury at the request of the appellee as-

sumed that the city would be liable for a personal injury occasioned by a defect or obstruction in the street, without regard to the question whether the defect or obstruction was such as would render the street unsafe for travel.

The instructions so objected to, when taken together and considered in connection with others given at the request of the appellant, were not capable of such a construction.

It is insisted that the court erred in refusing to give one of the instructions asked by the appellant, because, if given, it would have instructed the jury that they must be satisfied by a preponderance of the evidence that the appellee was not guilty of contributory negligence.

The court instructed the jury in various forms that, as one element in the appellee's right to recover, she must have been injured without negligence on her part; and, in an instruction asked by the appellant, the court informed the jury that before they could find for the appellee they should be satisfied from a preponderance of the evidence that she herself used reasonable care to avoid the injury.

Next, it is contended that the court erred in giving one of the instructions given by the court of its own motion. It does not appear by the record that the appellant excepted to the giving of this instruction.

One cause assigned in the motion for a new trial was misconduct of the appellee's attorney in using certain language in his closing argument to the jury.

The bill of exceptions, after showing the use of the language in question by the attorney, shows that thereupon the appellant, by its counsel, objected and excepted to said language and said misconduct of the attorney, and that thereupon the court stopped said attorney from using such language, and directed the jury not to consider it, and thereupon said attorney said: " Yes, I withdraw these remarks; you should not consider them," and thereupon the argument to the jury proceeded to a close.

No exception was taken to any ruling of the court in con-

nection with the attorney's misconduct, and no action of the court in the premises was assigned as a cause for a new trial. The action of the trial court in refusing to grant a new trial for this cause can not be regarded as available error. *Leach* v. *Ackerman, ante,* p. 91. See, also, *Mainard* v. *Reider, ante,* p. 115.

It is contended that one of the special findings returned by the jury in answer to interrogatories was inconsistent with the general verdict. By that finding it was shown that the appellee must have known of the existence of the hole in the street crossing six or eight months.

It is well settled that special findings of the jury in answer to interrogatories can not control the general verdict, unless they are irreconcilably in conflict with it; and in determining whether such conflict exists, every reasonable presumption will be indulged in favor of the general verdict. The special findings can not be aided by intendment, and no reference will be made to the evidence actually introduced and in the record. *Stevens* v. *City of Logansport,* 76 Ind. 498; *Pittsburgh, etc., R. W. Co.* v. *Martin,* 82 Ind. 476; *Louthain* v. *Miller,* 85 Ind. 161; *Cox* v. *Ratcliffe,* 105 Ind. 374; *Town of Poseyville* v. *Lewis,* 126 Ind. 80; *Ohio, etc., R. W. Co.* v. *Trowbridge,* 126 Ind. 391.

That the plaintiff in an action for personal injury occasioned by a defect in a highway had knowledge of the defect, is not necessarily inconsistent with the exercise of reasonable care on his part, and does not conclusively establish contributory negligence. *Town of Poseyville* v. *Lewis, supra; Ohio, etc., R. W. Co.* v. *Trowbridge, supra.*

The judgment is affirmed.

Filed Sept. 29, 1891.