NOVEMBER TERM, 1907.        335

Hammond, etc., Electric R. Co. *v.* Antonia—41 Ind. App. 335.

## Hammond, Whiting & East Chicago Electric Railway Company *v.* Antonia.

[No. 6,040.    Filed February 27, 1908.]

1. PLEADING.—*Complaint.—Street Railroads.—Negligence.—Proximate Cause.*—A complaint showing that defendant street railroad company ran a street-car with a trailer attached; that plaintiff was a passenger on such car; that the speed of the car was reduced to three miles per hour and the conductor requested plaintiff to alight; that while in the act of alighting the defendant suddenly and negligently started the car with a jerk, thereby throwing plaintiff to the ground, whereupon the trailer ran over him, sufficiently shows that the defendant's negligence was the proximate cause of plaintiff's injury.    p. 338.

2. SAME.—*Complaint.—Allegations.—Inferences.*—Necessary inferences from facts alleged are indulged in support of a complaint.    p. 339.

3. STREET RAILROADS.—*Alighting from Moving Car.—Contributory Negligence.—Question for Jury.*—A passenger upon a street-car is not guilty of contributory negligence as a matter of law in attempting, with bundles in his hand, to alight from a street-car moving at the rate of three miles per hour, such question being for the jury.    p. 339.

4. SAME. — *Damages. — Compromise. — Evidence.* — A verdict for the plaintiff, in a personal injury case, cannot be held to be unsupported by the evidence on the ground that the cause of action had been compromised and that the compromise, even though voidable, had been ratified by acquiescence and retention of the money paid, where the answer of settlement was met by a reply of *non est factum*, and the jury found in answer to an interrogatory that no release had ever been executed, since there was no issue as to a ratification.    pp. 339, 344.

5. EVIDENCE.—*Pain.—Irresponsive Answer.—Motion to Strike Out.*—It is not prejudicial to refuse to strike out, as irresponsive, the latter clause of the answer: "Hurts me nearly all the time, and there is a big hole in there yet, in the bottom," given in response to the question: "When does it [the injured leg] hurt you?" asked of the plaintiff, in a personal injury case, such answer being merely descriptive of the injury and explanatory of the cause of his pain.    p. 340.

6. SAME. — *Objections. — Conciseness. — Appeal.* — To present any question, on appeal, as to objections to offered testimony, the objections must be explicitly stated to the trial judge and such objections properly embodied in the record on appeal.    p. 340.

336    APPELLATE COURT OF INDIANA,

Hammond, etc., Electric R. Co. *v.* Antonia—41 Ind. App. 335.

7. EVIDENCE.—*Objections.—Rulings.*—Where the trial court failed to rule on objections made to a question, and no answer was ever made by the witness thereto, no question, as to such objections, can be raised on appeal. p. 341.

8. SAME.—*Signature by Mark.—Objections.*—Where defendant objected to plaintiff's execution of his signature by mark, in the presence of the jury, but failed·to object to the introduction of such mark in evidence, no question thereon can be raised on appeal. p. 341.

9. TRIAL.—*"Filing" Papers.—Requirements.*—The proper delivery of a legal paper to the person whose duty it is to file same, constitutes a legal filing thereof. p. 342.

10. SAME.—*Instructions.—Custody.—Duty of Clerk.*—The instructions in a case are presumed to be in the possession and custody of the clerk, and the presumption is that the clerk, upon a direction from the judge, properly filed such instructions. p. 342.

11. SAME.—*Instructions.—Filing of.*—Where the order-book entry recites that "said instructions so given by the court to the jury are now ordered filed and made part of the record in this cause," the instructions then being set out, such instructions are properly a part of the record under §544a Burns 1905, Acts 1903, p. 338, §1. p. 342.

12. SAME.—*Instructions.—"Fair Preponderance of the Evidence."*—It is not harmful to instruct that the party in whose favor there is a "fair preponderance of the evidence" is entitled to a verdict, the word "fair" being practically meaningless. p. 342.

13. SAME.—*Instructions.—Invasion of Province of Jury.—Weight of Evidence.*—An instruction that the preponderance of the evidence does not necessarily lie with the party producing the greater number of witnesses, but that it depends upon the greater weight of the evidence in view of the facts proved, is not bad as an invasion of the province of the jury. p. 343.

14. SAME.—*Instructions.—Harmless.—Interrogatories.*—Where the answers to the interrogatories show that an erroneous instruction did not influence the verdict, such error will be considered harmless. p. 344.

15. SAME.—*Instructions.—Negligence.—Alighting from Street-Car. —Interrogatories.*—An instruction, in a personal injury case, that the gist of the action is negligence, and unless the jury finds by a preponderance of the evidence that plaintiff's injury resulted in some manner from the negligent act of defendant, the verdict should be for defendant, is not harmful, as including remote acts of negligence, where the answers to the interrogatories to the jury show that the car, from which plaintiff was alighting, was started with a sudden jerk, thus throwing him under the trailer attached. p. 344,

NOVEMBER TERM, 1907. 337

Hammond, etc., Electric R. Co. *v.* Antonia—41 Ind. App. 335.

16. NEW TRIAL.—*Weight of Evidence.*—*Appeal.*—Where the verdict is manifestly against the weight of the evidence, the trial judge should grant a new trial; but his decision thereon cannot be disturbed on appeal. p. 344.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by Joseph Antonia against the Hammond, Whiting & East Chicago Railway Company. From a judgment on a verdict for plaintiff for $1,500, defendant appeals. *Affirmed.*

*Crumpacker & Moran,* for appellant.
*F. N. Gavit,* for appellee.

RABB, J.—The appellee was injured while alighting from appellant's street-car, and this action was brought to recover damages for the injury, the complaint, in two paragraphs, alleging that the injury resulted from the negligence of the appellant. Appellant's demurrer to each paragraph of the complaint was overruled. Answer was filed in three paragraphs: The first paragraph being the general denial; the second averring a compromise and payment of appellee's claim, and the third setting up specifically a written contract for release and compromise of the claim sued upon, making the written contract a part of the pleading. The appellee replied in two paragraphs: The first being a plea of *non est factum* to the second and third paragraphs of the answer, the second setting up that the written instrument mentioned in the second and third paragraphs of the answer was executed without consideration. The issues thus formed were submitted to a jury for trial, a general verdict returned in favor of the appellee, together with answers to interrogatories submitted by the court to the jury.

The errors assigned and relied upon for reversal in this court are the overruling of appellant's demurrer to each paragraph of the complaint, and the overruling of appellant's motion for a new trial.

. The point urged against each paragraph of the complaint is that neither shows that the negligence charged against the appellant was the proximate cause of the injury com-

1. plained of. The first paragraph of the complaint avers, among other things, that the appellee was a passenger on appellant's street-car; that a trailer was attached to the car in which appellee was riding; that the appellee notified the conductor in charge of the car that he desired to alight at a certain street crossing; that the car was stopped at the street crossing, and he attempted to alight therefrom; that while he was in the act of alighting, with one foot on the car step and the other descending to the ground, the car was negligently started with a sudden jerk, the force of which threw the appellee down upon the street, with one foot upon the rail of the street-car track, and, while appellee was in this position, the rear car passed over his foot, causing the injury complained of. The second paragraph of the complaint alleged the same facts with reference to the appellee's being a passenger upon appellant's street-car, and the fact that there were two cars attached to each other, the appellee riding in the front car. It then avers that the appellee notified the conductor of his desire to alight at a certain street crossing; that when the street crossing was reached the speed of the car was slackened so that it was not moving faster than two miles per hour; that the step of the car projected to within one foot of the ground; that the conductor of the car instructed the appellee to alight from the car while it was moving at said rate of speed, and that appellee attempted to alight from said car; that while in the act of so doing, with one foot on the ground alongside the step, the defendant negligently, and knowing the appellee's position, increased the speed of the car with a sudden jerk, and by such sudden jerk threw appellee from the step of the car to the ground underneath the car in the rear, and while appellee was so upon the ground underneath the car, and

before he could remove his body, the car wheels ran over his leg, causing the injury complained of. We think both paragraphs sufficiently show that the alleged negligent acts complained of were the proximate cause of the injury alleged to have been sustained by the appellee. It was unnecessary that the complaint should formally charge that such 2. was the fact. It is sufficient if the facts averred carry with them the necessary inference that such negligence was the proximate cause of the injury, and the facts averred in each paragraph of the complaint carry with them such necessary inference.

Many questions are presented by appellant's motion for a new trial. It is contended by the appellant that the verdict is contrary to the evidence, for the reason that the 3. uncontradicted evidence shows that appellee, encumbered with bundles in his hand, got off the car while it was moving at the rate of at least three miles an hour, and that his attempt to alight from the car while so encumbered was contributory negligence. The question of negligence is generally a question for the jury. It is never a question of law for the court, except when there is no dispute about the facts, and where but one inference can be drawn from the facts by reasonable minds. The question as to whether it was negligence in the appellee to attempt to alight from the street-car moving at the rate of three miles per hour, encumbered with bundles, we think presents a question for the jury. It was not negligence *per se.*

It is contended that the verdict is not supported by the evidence for the reason that the uncontradicted evidence shows that many months before the commencement of 4. this action there had been paid to the appellee the sum of $300 in settlement and satisfaction of his claim; that he had executed his written release of damages, and that, after appellee knew and understood that the money paid to him was paid by the appellant in payment and satis-

faction of his claim for damages, he took no steps to rescind or repudiate the contract, but affirmed and ratified the contract by retaining the money.   Appellee replied to appellant's affirmative answer, setting up the release and compromise of appellee's claim, by the general denial, plea of *non est factum* and want of consideration, and these were the only issues raised with reference to the release relied upon by appellant.   There was no issue, and could be none, of a ratification of the contract of release.   If the contract of release ever had existence, the appellant's defense was complete, because there was no question but that there was a consideration to support it, and there was no issue raised as to its having been obtained by fraud, or its being merely voidable.   If it never had an existence there would be nothing to ratify.   The jury found in answer to interrogatories that the contract of release was never executed.

The appellee, while testifying as a witness in his own behalf, was asked this question:   "When does it hurt you?" (referring to his wounded leg).   To which he replied:

5.   "Hurts me nearly all the time, and there is a big hole in there yet, in the bottom."   Appellant moved to strike out the words, "and there is a big hole in there yet, in the bottom," for the reason that said words were not responsive to the interrogatory, and there was no claim for damages for such injury.   This motion was overruled and exception reserved.   We think this ruling was not prejudicial. The words used were descriptive of appellee's injury and explanatory of the cause of his pain.

Objection is made to certain questions propounded to witness Sister Bertha, for the alleged purpose of testing her ability to understand the language spoken by appellee.

6.   The question was not properly reserved.   When an objection is made to a question propounded to a witness, the grounds of the objection must be clearly stated, so that the trial court may understandingly rule upon the point raised.

Two objections were made by appellant to questions propounded to this witness relating to this matter. No grounds were stated as the basis of the first objection, and

7. when the objection was raised the second time, and the grounds of objection fully and properly stated, no ruling was ever made by the court upon the objection, and the interrogatory propounded to the witness was never answered.

Another ground relied upon by appellant for a new trial in the court below and reversal here was the action of the court in permitting the appellee to make marks on a

8. paper and to exhibit the paper in evidence for the purpose of sustaining his claim that he did not make his mark to the contract of release relied upon by appellant. The objection was made to permitting the witness, in the presence of the jury, to make his mark upon the paper. This could not have harmed appellant had not the court subsequently permitted the appellee to submit the marks thus made on the paper to the inspection of the jury, for the purpose of comparison by them of the marks thus made in their presence with the mark claimed by appellant to have been made by appellee to the contract of release. The submission of the paper in evidence, with the marks upon it, was not objected to, and we think, therefore, that no question is presented to this court upon this objection.

Objection is made to numerous instructions given by the court to the jury. It is contended by the appellee that the instructions are not properly in the record, for the reason that the record fails to show that the instructions were filed, as required by the provisions of §544a Burns 1905, Acts 1903, p. 338, §1. The statute provides: "All instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instructions to the jury." The record shows that "said instructions so given by the court to the jury are now ordered filed and made part

of the record in this cause, and the same are in the words and figures following, to wit: (Then follows the instructions.) And, as we understand the contention of the appellee, it is that this record does not show the filing with the clerk of the instructions given by the court.

The filing of a paper required by law to be filed does not consist in the indorsement of the fact that it has been filed, made upon the paper by the officer with whom it is filed. If the paper is delivered, by the person whose duty it is to file the same, to the proper officer, and by him received and kept on file in the proper place, this is a filing within the legal meaning of the word. *Engleman* v. *State* (1850), 2 Ind. *91, 52 Am. Dec. 494; *Powers* v. *State* (1882), 87 Ind. 144, and authorities cited.

The instructions given by the court to the jury are in the hands of the court. They are not presumed to be in the possession of either party to the cause. The clerk of the court is the proper custodian of all the papers that belong to the court, and when the court, having given the instructions to the jury, orders that they be filed and made a part of the record, and they appear in the record, the presumption is that the clerk did his duty and retained possession of the instructions which thus appear in the record. It was no part of appellant's duty to file the instructions, and as before remarked, he is not presumed to have them in his possession for the purpose of filing. We think the record sufficiently discloses that the instructions were properly filed, and that they are properly a part of the record, and require this court to consider the questions that were raised upon them.

It is claimed that instruction six, given by the court, is erroneous, for the reason that the court informed the jury that the slightest difference in the weight of the evidence was a preponderance, and that a fair preponderance of the evidence would be sufficient to justify it in returning a verdict in favor of the party in whose favor

such preponderance existed. We think no error intervened in giving this instruction. The terms, ''fair preponderance of the evidence,'' is often used in an instruction to the jury, and really is meaningless. All that the law requires is that the party having the burden of the issue shall have a preponderance of the evidence, and this means, and only means, that the evidence shall be in some degree more convincing to sustain his contention than that of his adversary.

It is also objected to this instruction that it invades the province of the jury, in that the court informed the jury that ''the preponderance of the evidence does not necessarily lie with the party who may have introduced the greater number of the witnesses, but it depends upon the greater weight of evidence, in view of all the testimony and the facts and circumstances in evidence before you.'' We do not think that these instructions, while they doubtless were of no value to the jury, were in any way harmful. They did not undertake to invade the province of the jury by dictating, or intimating to the jury, what weight should be given to the testimony of witnesses, or to any item of evidence that was before it, but simply stated an abstract proposition of law.

Objection is made to the seventh instruction, given by the court. In this instruction the court informed the jury that ''the gist of this action is negligence, and unless you find from a fair preponderance of the evidence that the injury to the plaintiff resulted in some manner from the negligence, or from some negligent act, of the defendant, as charged in the complaint, you should find for the defendant.'' This instruction is criticized for the reason that it justified the jury in concluding that if the negligent act of the defendant in any degree, however remote, may have in some manner resulted in the appellee's injury, it would be justified in finding in favor of the appellee, although such negligence was not the proximate cause of the injury.

When the jury return answers to interrogatories with a

general verdict, and the special facts found by the jury in answer to the interrogatories show that erroneous instructions could not have influenced the jury adversely to the appellant, such errors will not justify the reversal of the judgment. *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312; *Muncie Pulp Co.* v. *Koontz* (1904), 33 Ind. App. 532; *Baum* v. *Palmer* (1905), 165 Ind. 513, and cases cited.

The facts specially found by the jury show that the car from which appellee alighted at the time he was injured was going at the rate of three miles per hour when the appellee attempted to get off; that just before he made the attempt he was standing on the lower step; that the conductor requested him to get off when he did; that the car started up with a jerk while appellee was in the act of getting off; that the jerking of the car threw appellee down, and was the proximate cause of his injury. Treating these facts as true, as we must, they establish that the negligent act of the appellant was the proximate cause of appellee's injury, and render the instructions complained of harmless. The same rule disposes also of appellant's objection to instruction thirteen given by the court.

Objection is also made by appellant to the eighteenth instruction given by the court, for the reason that it fails to take into consideration any ratification of the contract of release claimed to have been entered into between the appellant and appellee. As heretofore shown, there was no such question in the record, the jury finding that no contract of release was ever entered into between the parties.

We are unable to discover any error in the record in this case that will justify this court in reversing the judgment of the court below. If there was an error, it was the failure of the court below to set aside the verdict of the jury, for the reason that it failed to do substantial justice between the parties, and was manifestly contrary to

the weight of the evidence. This is a mistake we have no power to correct.

Judgment affirmed.