## LAFAYETTE TELEPHONE COMPANY *v.* CUNNINGHAM.

### [No. 9,057.    Filed November 28, 1916.]

1. TELEGRAPHS AND TELEPHONES.—*Guy Wires.—Care Required by Telephone Company.*—The primary and general use of a highway is for travel, and, although a telephone company may have the right to occupy a highway with its poles, yet, if it secures them with guy wires, its duty is to use reasonable care to so erect and maintain such wires as not to endanger the public travel, or the safety of individuals in the reasonable and ordinary use of the highway.    p. 142.

2. TELEGRAPHS AND TELEPHONES.—*Injuries from Guy Wire.—Complaint.—Averments.—Duty to Use Care.—Negligent Violation of Duty.*—In an action by a police officer against a telephone company for injuries incurred when plaintiff tripped over a guy wire, averments in the complaint that plaintiff, at the time of the injury, was walking along a city street in the performance of his duties and that defendant had erected its poles and wires in such street show that defendant was charged with the duty to use reasonable care to so maintain its guy wire that it would not endanger the use of the street by the public, including plaintiff, so that, such duty being shown, allegations that the guy wire was "carelessly, negligently and unlawfully constructed and

built in said highway * * * and has been carelessly, negligently and unlawfully maintained" by defendant, sufficiently charge a negligent violation of its duty to plaintiff, there being nothing shown by the complaint which would destroy the effect of such general allegations of negligence.  p. 142.

3.  TELEGRAPHS AND TELEPHONES.—*Maintenance of Guy Wire.— Care Required.—Crossing Street Between Street Intersections.—* In an action against a telephone company for personal injuries, the fact that the plaintiff, when injured by falling over a guy wire, was attempting to cross a public street at a place where there was no intersection of a street or alley, and at a place not provided for crossing, while pertinent to the question of whether plaintiff was guilty of contributory negligence, did not discharge the defendant from its duty to use reasonable care in maintaining its guy wire so as not to endanger the public in the use of the street.  p. 143.

4.  NEGLIGENCE.— *Contributory Negligence.— Crossing Street Between Street Crossings.—*Where a police officer in response to a call from another officer, attempted to cross a street at a place where there was no intersection of a street or alley, and at a place not provided for crossing and in so doing tripped over a telephone guy wire and was injured, it cannot be said, as a matter of law, that the officer was guilty of contributory negligence in crossing the street where no street crossing was provided.  p. 143.

5.  TELEGRAPHS AND TELEPHONES.— *Use of Highway.— Care Required.—License to Locate Poles and Wires in Highway.—*A telegraph or telephone company using a highway is under a duty to exercise care to prevent injury to persons using the highway, and a license from a municipal corporation to use the way does not relieve the company from that duty; but, on the contrary, the acceptance of the license implies a duty on the part of the electric company to exercise care and diligence to prevent injury to persons using the highway.  p. 144.

6.  MUNICIPAL CORPORATIONS.— *Streets.— Use by Public.— Control by Municipality.—*While the public is entitled to the free use of any portion of a public street, yet the municipal corporation may devote portions of the sidewalk to other purposes useful and convenient to the public.  p. 144.

7.  TELEGRAPHS AND TELEPHONES.— *License to Place Poles and Wires in Street.—Care Required by Licensee.—*The proper municipal officers may devote a portion of a city's sidewalks to the use of telephone poles, lines and guy wires, but such portions of the sidewalk are, in the absence of an ordinance showing the contrary, a part of the street which the pedestrian may use for

travel, and any authority or license to use such part of the street for telephone poles and wires must be exercised with reference to the possible uses thereof by pedestrians, which must be anticipated by the licensee, and his license will not absolve him from the duty of using ordinary care not to expose pedestrians to unnecessary danger in using such portion of the street.  p. 145.

8.  TELEGRAPHS AND TELEPHONES.—*Injuries to Pedestrian from Guy Wire.—Crossing Street in Absence of Street Crossing.*—In an action against a telephone company for injuries incurred by plaintiff falling over a telephone guy wire, the fact, as established by the jury's answers to interrogatories, that plaintiff went upon a grassplot for the purpose of crossing the street at a point where there was no cross-walk, did not relieve the defendant of its responsibility to him, since a pedestrian is not restricted to cross-walks or street intersections in crossing a street, but he may cross at any place, and he is not necessarily guilty of contributory negligence in so doing.  p. 146.

9.  TRIAL.—*Interrogatories to Jury Calling for Conclusions.—General Verdict.—Effect.*—While special interrogatories to the jury which call for conclusions should be disregarded, yet a general verdict for the plaintiff is a finding in his favor of every fact within the issues tending to support such conclusions.  p. 147.

10.  TRIAL.—*Contradictory Interrogatories.*—The fact that interrogatories propounded to the jury are contradictory or inconsistent with each other tends to their own destruction and not to that of the general verdict.  p. 147.

11.  TRIAL.—*Interrogatories.—Answers.—Reconciliation with General Verdict.*—When the answers to all proper interrogatories, read as an entirety, can be reconciled with the general verdict by any supposable evidence possible under the issues, they will not be permitted to overthrow such verdict.  p. 147.

12.  TELEGRAPHS AND TELEPHONES.—*Injuries to Pedestrian from Guy Wire.—Negligence.—Evidence.—Sufficiency.*—In an action against a telephone company for injuries incurred by plaintiff, a night police officer, tripping over a guy wire when attempting to cross a street in the performance of his duties, where there was evidence that the guy wire, which was located in a grassplot between the sidewalk and curb and could not be seen easily at night, was strung from the top of a telephone pole to an anchor which protruded about five inches above the ground, that the wire was not properly constructed for use in a street, and that it would have been practicable either to have fastened such a guy wire to a stub-pole several feet above the ground or to have so trussed the telephone pole so that no guy wire would have been needed, such evidence was sufficient to warrant the jury finding that the defendant was negligent in using the par-

Lafayette Telephone Co. *v.* Cunningham—63 Ind. App. 136.

ticular construction of guying its pole, rather than some construction which would have dispensed with the guy wire or which would have made it more conspicuous or elevated it so as to place it where it could not trip travelers on the street. p. 147.

13. TELEGRAPHS AND TELEPHONES.—*Injuries to Pedestrian from Guy Wire.—Contributory Negligence.—Evidence.—Knowledge of Obstruction.*—In an action against a telephone company by a police officer, who was injured by falling over a guy wire when attempting to cross a street, the fact that the plaintiff had previous knowledge of the obstruction does not, *per se*, establish his contributory negligence. p. 149.

14. TELEGRAPHS AND TELEPHONES.—*Injuries to Pedestrian from Guy Wire.— Knowledge of Obstruction.— Contributory Negligence.—Question for Jury.*—In an action by a police officer for injuries received in falling over a guy wire, evidence that plaintiff had previous knowledge of the presence of the wire and that he momentarily forgot it when summoned across the street by his superior officer were facts for the consideration of the jury in determining whether the injured party was exercising reasonable care. p. 149.

15. APPEAL.— *Harmless Error.—Admission of Incompetent Evidence.—Cure by Instruction.*—In an action for injuries sustained by plaintiff falling over a guy wire, error, if any, in permitting witnesses to testify that they had, since plaintiff's accident, tripped over the wire in question was cured by an instruction informing the jury that they should not consider such testimony in making up their verdict. p. 149.

16. TRIAL.—*Instruction.—Invading Province of Jury.—Preponderance of Evidence.*—An instruction that by the expression "preponderance of the evidence" as used in the instructions given, was not meant the greater number of witnesses and that the preponderance of evidence does not depend upon the number of witnesses nor does it mean the greater number of witnesses, but does depend upon the weight of the evidence and means the greater weight of the evidence, was not erroneous as invading the province of the jury, although the wording of the instruction was subject to criticism. p. 150.

From Tippecanoe Superior Court; *Henry H. Vinton,* Judge.

Action by John F. Cunningham against the Lafayette Telephone Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George P. Haywood* and *Charles A. Burnett,* for appellant.

*Edgar D. Randolph,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in an action brought by him in the Tippecanoe Superior Court to recover damages for injuries resulting from his tripping and falling over a guy wire alleged to have been negligently erected and maintained by appellant in Romig street in the city of Lafayette. The complaint was in two paragraphs, each of which was demurred to on the ground that the facts stated therein were not sufficient to constitute a cause of action. Each demurrer was overruled, and appellant then filed an answer in general denial. The issues thus joined were tried by a jury, which returned a verdict in favor of appellee in the sum of $2,500, together with answers to interrogatories. A motion for judgment on said answers and a motion for new trial were each overruled. The several rulings above indicated are each assigned as error in this court and relied on for reversal.

The allegations common to each paragraph of complaint and pertinent to the questions presented by appellant's demurrer thereto are substantially as follows: The appellant, prior to January 23, 1911, negligently and unlawfully constructed a guy wire attached to a pole at an alley leading north off of Romig street, between Fourth and Fifth streets, and strung the guy wire east and fastened the same to an iron stake near the curbing on the north side of Romig street, and at the root of a large sycamore tree situated and standing between the sidewalk and the gutter on the north side of Romig street, and, about seventy-five or eighty feet east of said pole; that there are two other large trees between said alley and the sycamore tree at the root of which said guy wire is fastened; that the guy wire slopes from where it is fastened to said pole to where it is fastened to said iron stake in the ground, and is about a quarter of an inch in

diameter, and was *carelessly, negligently* and *unlawfully* constructed and built in said highway by appellant long prior to January 23, 1911, and has been *carelessly, negligently* and *unlawfully maintained* by it in said highway as above described ever since; that the construction of said guy wire as aforesaid is an obstruction of Romig street and a public nuisance. Such wire obstructs the free and proper use of said street and highway by the public and the citizens of the city of Lafayette in this, to wit: that said wire is invisible at night, and is calculated to and does deceive and trip people and persons using said highway and street in crossing from one side of the street to the other. Appellee, on the occasion in question, was a member of the police force of the city of Lafayette, and while walking westward on the sidewalk on the north side of Romig street, between Fourth and Fifth streets, in the performance of his duty as such police officer, he was called by another officer on the south side of Romig street, and in response to said call started across said street, and not seeing and not being able to see said guy wire, was caught and tripped by it and injured, etc., all without fault on his part. The second paragraph of complaint contains the additional averments that at a regular meeting of the board of works of the city of Lafayette, Indiana, held on January 27, 1909, a motion was passed declaring said wire an obstruction to said highway and street ''and that the company will be held liable for all damages caused by the same.''

Appellant contends that neither of said paragraphs show that said guy wire was unlawfully placed or maintained by appellant, or that appellant had no right to maintain said pole and wire at the place described, but that it appears from the averments indicated that the wire was anchored outside the traveled part of the highway; that each paragraph shows that appellee was injured in attempting to cross Romig street at a place where there was no intersection of a street or alley, and at a place not provided for cross-

ing, and that, therefore, no liability of appellant to appellee is shown.

The primary and general use of a highway is for travel; and, although a telephone company may have the right to occupy a highway with its poles, yet, if it secures 1. them in the highway with guy wires, its duty is to use reasonable care to so erect and maintain such wires as not to endanger the public travel, or the safety of individuals in the reasonable and ordinary use of the highway. *Wilson* v. *Great, Southern Telephone, etc., Co.* (1889), 41 La. Ann. 1041, 6 So. 781; *Poumeroule* v. *Cable Co.* (1912), 167 Mo. App. 533, 152 S. W. 114; 2 Shear. & Redf. Negligence (6th ed.) §359; 1 Thompson, Negligence §1239; Curtis, Electricity §504, p. 755.

Each paragraph of complaint avers that appellant had erected its poles and wires in said Romig street; that appellee was a police officer in the city of Lafayette, 2. and, on the night in question, was walking on said Romig street in the performance of his duties as such officer. These averments show the duty of appellant to use reasonable care to so maintain its guy wire that it would not endanger the use of said street by the public (appellee included) and hence shows a duty from appellant to appellee. This duty being shown, the averments in the complaint that said wire was "carelessly, negligently and unlawfully constructed and built in said highway * * * and has been carelessly, negligently and unlawfully maintained" by appellant, sufficiently charge a negligent violation of said duty, there being nothing shown by the complaint which would destroy the effect of such general allegations of negligence. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1914), 57 Ind. App. 644, 656, 657, 104 N. E. 866, 106 N. E. 739, and cases cited; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 404-405; 97 N. E. 822; *New York, etc., R. Co.* v. *Lind* (1913), 180 Ind. 38, 44, 45, 102 N. E. 449.

Appellant, however, contends that the complaint shows that appellee was injured while attempting to cross said street at a place where there was no intersection of 3. a street or alley, and at a place not provided for crossing. The fact that appellee, when injured, was outside the usually traveled part of the highway, while pertinent to the question whether appellee was guilty of negligence contributing to his injury, does not discharge appellant from its duty to use the reasonable care before indicated. *Wilson* v. *Great Southern Telephone, etc., Co., supra; Dickey* v. *Maine Telegraph Co.* (1859), 46 Me. 483; Crosswell, Electricity §79; *McIlhenney* v. *Philadelphia* (1906), 214 Pa. 44, 45, 63 Atl. 368; *Raymond* v. *City of Lowell* (1850), 6 Cush. (Mass.) 524; 526, 53 Am. Dec. 57; *Stringer* v. *Frost* (1889), 116 Ind. 477, 479, 19 N. E. 331, 2 L. R. A. 614, 9 Am. St. 875; *Simons* v. *Gaynor* (1883), 89 Ind. 165.

Nor can this court, under the facts averred in either 4. paragraph of the complaint, say, as a matter of law, that appellee was guilty of contributory negligence in crossing the street where he did. *Southern Bell Telephone, etc., Co.* v. *Howell* (1905), 124 Ga. 1050, 53 S. E. 577, 4 Ann. Cas. 707; *Moebus* v. *Hermann* (1888), 108 N. Y. 349, 15 N. E. 415, 2 Am. St. 440; *Simons* v. *Gaynor, supra;* Elliott, Roads and Streets 622; *Collins* v. *Dodge* (1887), 37 Minn. 503, 35 N. W. 368; *Raymond* v. *City of Lowell, supra.*

Appellant's contention that the court erred in overruling its motion for judgment on the jury's answers to interrogatories rests upon the assumption that such answers show: (1) that appellant was not guilty of any negligence causing appellee's injury; and (2) that appellee was guilty of negligence contributing to his injuries.

The answers pertinent to the first contention are to the following effect: The defendant, at the time of the accident, had a franchise in the city of Lafayette, under which it was authorized to construct and maintain along the lines of the streets and alleys of the city of Lafayette, its poles,

wires, etc., necessary for supplying telephone service to the
citizens of said city; one of appellant's poles was located
on the north side of Romig street; said pole was braced
by a guy wire; Romig street was improved and divided
into a gutter, roadway and sidewalks; there was a cement
sidewalk on the north side of said street; there was a space
or grassplot, three feet, ten inches wide, between said side-
walk and the curb on the north side of Romig street;
said guy wire was anchored just inside said curb in said
grassplot, and three feet, ten inches from the edge of said
sidewalk; said wire did not cross any part of said side-
walk, or the roadway of said Romig street, or any inter-
section of said street with any other street, or any road-
way, cement walk or cross-walk on said street; said wire did
not interfere with the passage of any animal, vehicle or
person on any cement walk, roadway or cross-walk; there
was no cross-walk at the place where appellee started to
cross the street, when he met with the accident.  The law
applicable to the facts thus found by the jury, as expressed
by the text books and recognized by the decided cases, is
as follows:  "A telephone or telegraph company
using a highway is under a duty to exercise care to
prevent injury to persons using the highway.  A
license from the municipal corporation to use the way does
not relieve the company from that duty, but, on the con-
trary, the acceptance of the license implies a duty on the
part of the electric company to exercise care and diligence
to prevent injury to persons using the highway."

It is, however, insisted by appellant, and correctly so, we
think, that "the general proposition that the public is en-
titled to the free use of any portion of a public street
must be accepted with the qualifications that a munic-
ipal corporation may devote portions of the sidewalk
to other purposes useful and convenient to the public."
*Teague* v. *City of Bloomington* (1906), 40 Ind. App. 68, 73,
74, 81 N. E. 103; *Barnesville* v. *Ward* (1911), 85 Ohio St. 1,

96 N. E. 937, Ann. Cas. 1912 D 1234, 40 L. R. A. (N. S.) 94; *Dougherty* v. *Village, etc.* (1899), 159 N. Y. 154, 53 N. E. 799; *Dotey* v. *District of Columbia* (1905), 25 App. D. C. 232.

It is further contended by appellant, in effect, that under the authorities just cited, a municipal corporation has a right to designate and use a part of its street for a grass-plot and shade trees, and that the facts found by the jury, indicated, *supra,* show that the municipal officers of the city of Lafayette had so designated that part of the street where appellee was injured; that they had licensed appellant to locate its poles and lines in and along such grassplots; that such location was a proper one; and, hence, that appellant is not shown to have been guilty of any actionable negligence.

While, as above indicated, the authorities recognize that the proper municipal officers may devote a part of the sidewalks of the city to the uses and purposes indicated, 7. such portions of the sidewalk are, in the absence of an ordinance showing the contrary, held to be a part of the street, which the pedestrian may use for travel, and any authority or license to use such part of the street for the other purposes indicated must be exercised with reference to the possible uses thereof by such pedestrians; and, such licensee must anticipate such possible use by the pedestrian, and his license will not absolve him from the duty of using ordinary care not to expose such pedestrian to unnecessary danger in his use of such portion of the street. *Barnesville* v. *Ward, supra; Johnson* v. *City of Bay City* (1910), 164 Mich. 251, 129 N. W. 29, Ann. Cas. 1912 B 866; *Townley* v. *City of Huntington* (1911), 68 W. Va. 574, 70 S. E. 368, 34 L. R. A. (N. S.) 118; *Poumeroule* v. *Cable Co., supra;* Curtis, Electricity §487, p. 717.

The right of the public to go upon such a grassplot was upheld in the case of *Johnson* v. *City of Bay City, supra,*

where the defendant, a municipal corporation, maintained a row of poles on a city street between the sidewalk and the roadway, on that part of the street designed to be used as a grassplot for ornamental purposes. The poles were part of the defendant's electric lighting system, by means of which it furnished electricity for both public and private lighting. Plaintiff, a child of about five years of age, while on the grassplot, was injured by coming in contact with a wire which had fallen from one of the poles. It was alleged that the wire fell because of the negligent manner in which it was erected and maintained. It was held that the plaintiff was not a trespasser upon said grassplot, and that the defendant was liable for the negligence charged.

The fact, established by some of the answers, that appellee went upon said grassplot for the purpose of crossing the street at that point, where there was no cross-walk, does not relieve appellant of its responsibility.

8.    A pedestrian is not restricted to cross-walks or street intersections in crossing a street, but he may cross at any place, and he is not necessarily guilty of contributory negligence because he does so. *McIlhenney* v. *Philadelphia, supra; Raymond* v. *City of Lowell, supra; Moebus* v. *Hermann, supra; Simons* v. *Gaynor, supra; Stringer* v. *Frost, supra; Collins* v. *Dodge, supra.*

As affecting its second contention, *supra,* appellant insists, in effect, that the answers to interrogatories show that there were two street lights, each of 2,000 candle power, one at the intersection of Romig and Fourth streets, and one at the intersection of Romig and Fifth streets; that the accident was in the winter season, when there were no leaves on the trees, and nothing to interfere with the rays of these lights falling on the place where appellee received his injury; that appellee had served as policeman some eight or nine years; that his duties required him to pass the place of his injury frequently and that he knew of the existence and location of the wire over which he fell

and was injured. It is insisted that these answers show that appellee knowingly attempted to cross the street, passing over the grassplot in question, where he knew the wire was located, and thereby was guilty of negligence contributing to his injury.

In answer to this contention, it should be stated that the jury expressly found that the place where appellee was injured was not lighted at the time of the injury by said street lights; that appellee before coming in contact with said wire used reasonable care; that such guy wire was an unreasonable obstruction to said street; that the maintenance thereof on said street was unnecessary and was calculated to deceive and trip people in the lawful use of said street.

It is insisted, and properly so we think, that some of the interrogatories, the answers to which we have just indicated, called for conclusions and should be disregarded. The fact remains, however, that without such answers the general verdict is a finding in appellee's favor of every fact within the issues tending to support such conclusions. The fact that interrogatories are contradictory or inconsistent with each other tends to their own destruction and not to that of the general verdict, and when the answers to all proper interrogatories, read as an entirety, can be reconciled with the general verdict by any supposable evidence possible under the issues, they will not be permitted to overthrow such verdict. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033; *Dickason Coal Co.* v. *Peach* (1903), 32 Ind. App. 33, 69 N. E. 189. For the reasons indicated, the trial court did not err in overruling appellant's motion for judgment on said answers.

Appellant contends that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. There is evidence that appellee, a police officer, was walking westward on Romig street, between Fourth

and Fifth streets, in the city of Lafayette, at about eight o'clock in the evening of January 23, 1911, being then in the performance of his duty as such police officer; that his superior officer called to him from the opposite side of said street; that appellee heard the call and recognized it as that of his superior officer, and in response thereto, started across said street, and in doing so fell over a guy wire maintained by appellant; that said guy wire extends from the top of a pole on said street to an anchor buried in the ground about seventy-five feet from said pole and just inside the curb and near the root of a tree; that said guy wire was about one-half or five-eighths inches in diameter; that said anchor was an iron rod about an inch in diameter, the upper end of which protruded from the ground about four or five inches and was bent back upon itself so as to form a loop to which said wire was fastened; that the vertical distance of this loop from the ground was about four or five inches; that the place where the anchor was buried was dark at the time of the accident, that said place is dark at night; that said wire could not easily be seen at night; that the construction of said wire was not a proper construction in a street; that pipes are sometimes put over such anchors; that it would have been practicable to have fastened such a guy wire to a stub pole at a point several feet above the ground; that the pole could have been trussed so that no guy wire would have been needed.

The jury was warranted in finding from such evidence that appellant was negligent in using the particular construction here used, rather than some construction which would have dispensed with said wire or which would have made it more conspicuous, or elevated it so as to place it where it could not trip travelers on the street. *City of Fort Worth* v. *Williams* (1909), 55 Tex. Civ. App. 289, 119 S. W. 137; *Louisville Home Telephone Co.* v. *Gasper* (1906), 123 Ky. 128, 93 S. W. 1057, 9 L. R. A. (N. S.) 548; *Poumeroule* v. *Cable Co., supra.*

It is insisted, however, by appellant that the evidence shows that appellee knew of the existence and location of said wire, and hence was guilty of contributory negligence in attempting to cross the street at a place where he knew he would come in contact with it. It is true appellee testified that he knew of the existence of the wire and that when he started to cross Romig street he did not think about it. He says, in this connection, that Captain Kluth, his superior officer, had called to him from the opposite side of said street, and that he thought only about getting to him; that he thought "that there was something up." The fact that appellee had previous knowledge of the obstruction does not, *per se,* establish his contributory negligence. Such knowledge and his momentarily forgetting it are facts for the consideration of the jury in determining whether the injured party was exercising reasonable care. *Henry County Turnpike Co.* v. *Jackson* (1882), 86 Ind. 111, 44 Am. Rep. 274; *Wilson* v. *Trafalgar, etc., Road Co.* (1884), 93 Ind. 287; *City of Evansville* v. *Thacker* (1891), 2 Ind. App. 370, 28 N. E. 559. This is true especially where the attention of such party has been diverted. *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404. In the course of his duties, a policeman often meets with emergencies requiring quick action on his part, engrossing his entire attention, and we are not, therefore, prepared to say that appellee, having been summoned by his superior officer, and thinking that his presence across the street was required immediately, was as a matter of law chargeable with remembering the wire, or that he was, *per se,* guilty of negligence in attempting to cross the street where he did.

Appellant complains of the action of the trial court in permitting certain witnesses, over appellant's objection, to testify that they, at different times since the accident to appellee, had tripped over the wire in question. The court, after such testimony had been admit-

ted, instructed the jury "not to consider it at all in making up" their "verdict in this case." Any error committed in admitting this testimony was cured by this instruction.

16. The court gave the following instruction: "By the expression, 'preponderance of the evidence,' as used in these instructions, is not meant the greater number of witnesses. The preponderance of evidence does not depend upon the number of witnesses and does not mean the greater number of witnesses. It does depend upon the weight of the evidence and it means the greater weight of the evidence." Appellant urges that the giving of this instruction was error, because it invaded the province of the jury.

In the case of *Hammond, etc., R. Co.* v. *Antonia* (1907), 41 Ind. App. 335, 83 N. E. 766, it was held that an instruction that " 'the preponderance of the evidence does not necessarily lie with the party who may have introduced the greater number of the witnesses, but it depends upon the greater weight of the evidence, in view of all the testimony and the facts and circumstances in evidence before you' " was not erroneous, as being an invasion of the province of the jury. See, also, *Indianapolis Street R. Co.* v. *Johnson* (1904), 163 Ind. 518, 525, 72 N. E. 571, 573, 574. While the wording of the instruction under consideration is open to criticism, we are of the opinion that under the authorities, *supra,* the giving of it did not constitute reversible error.

Finding no reversible error in the record, the judgment below is affirmed.

NOTE.—Reported in 114 N. E. 227. Telegraph and telephones, rights and duties of company in use of streets, liability for injuries to persons or property, 37 Cyc 1639-1647; Ann. Cas. 1917A 1006. See under (10, 11) 38 Cyc 1926, 1929; (15) 4 C. J. 991.