## KING *v.* WINTON.

[No. 15,339.  Filed April 22, 1936.  Rehearing denied July 2, 1936.]

*Little, Little & Horn, Floyd G. Christian, Remy & Remy* and *Francis M. Hughes,* for appellant.

*Russell V. Duncan,* for appellee.

KIME, P. J.—This was an action brought by the appellee, by a complaint in one paragraph, for damages alleged to have been sustained by reason of an assault and battery upon her by appellant. To this complaint there was filed an answer in general denial. The cause was submitted to a jury for trial and the jury rendered a verdict for appellee and against appellant for $2,-500.00. This was the second time a verdict had been returned for her.

Following a motion for new trial the court rendered a judgment on the verdict and this appeal was perfected assigning as error the overruling of the motion for a new trial. The grounds of the motion for a new trial discussed are that the verdict of the jury is not sustained by sufficient evidence; that the verdict is contrary to law; that the damages fixed by the jury are excessive; that the court erred in giving the jury, of its own motion, instructions numbered 6 and 15; that the court erred in refusing to give instruction numbered 2 requested by the appellant; and that the court erred in overruling appellant's motion to strike out exhibit A.

The complaint alleged that prior to the 14th day of April, 1931, that the appellee was in good health and

capable of performing her duties and did so perform them as an employee in an office of a department store in the city of Indianapolis. The complaint further avers that she was induced by the appellant to enter into a written agreement whereby appellant leased to her, with option to purchase, certain described real estate; that in order to carry out the provisions of said contract it was necessary for her to make monthly payments thereon and that upon the instruction of the appellant it was necessary that these payments be made at his residence. The complaint further avers that on the 14th day of April, after her working hours, and between 5:00 and 6:00 o'clock P. M., she went to the home of the appellant for the purpose of making the payments due under said contract for the months of February and March, and did make such payments and obtained a receipt therefor; that as she started to leave the appellant assaulted her and said that his family was away from home and that he was alone and lonesome. The complaint then sets out in detail the specific acts of the assault. The appellant denied the assault and introduced evidence to the effect that he was not alone in his home on this particular evening.

There is sufficient evidence from which the jury was warranted in arriving at the conclusion they did that there had been an assault upon the appellee by the appellant. It would serve no useful purpose to set out in detail the acts of either party.

Under the assignment that the verdict of the jury is not sustained by sufficient evidence the appellant says that there was no evidence of any injury or damages but we find there was evidence from which the jury was warranted in believing that the appellee was subject to fainting spells after this attack and had never been subject to them prior thereto; that she had been sick several months prior to the trial and that she had been treated by a physician because of this

attack and that she was at the time of the trial very nervous, all because of the assault.

The jury was warranted in taking "into consideration not only mere pecuniary loss but the following elements as they are found to exist: Injuries at the time; permanent injuries resulting therefrom; mental suffering and mortification of feeling; loss of time from work; physical pain, sense of shame, mental anguish and agony; and humiliation. In assault and battery, damages may be given as compensation for any or all of the elements before set forth." *Singer Sewing Machine Co.* v. *Phipps* (1911), 49 Ind. App. 116, 94 N. E. 793. There was sufficient evidence of injury or damages under the rule as set out above and, therefore, the verdict was sustained by sufficient evidence. It is true that the only evidence as to this attack was by the appellee herself but the jury saw the witnesses, heard them testify, and had the right to believe or disbelieve and here they evidently chose to believe the appellee. Of course this court can not weigh evidence.

The damages assessed in the amount of $2,500.00 were not excessive under the evidence as to the damages sustained by the appellee as outlined above.

The appellant also assigned as error the giving of the following instructions: "No. 6. In determining where a preponderance is, you should also take into consideration the opportunity and occasion of the witnesses for seeing and remembering what they testify to or about, the probability or improbability of its truth, the apparent truthfulness of their testimony, or the lack of it, their apparent intelligence or the lack of it, their bias or prejudice, if any appear from their testimony, their candor and fairness, their interest or their absence of interest in the results of the case, the relation or connection, if any, between the witnesses and

the parties, their conduct and demeanor while testifying and from all these facts as shown by the evidence and from all the other facts and circumstances as shown, decide on which side is the preponderance." While this is not to be taken as a model instruction under the authorities it is not erroneous or prejudicial to the appellant. See *Lafayette Telephone Company* v. *Cunningham* (1916), 63 Ind. App. 136, 150, 114 N. E. 227; *Hammond, Whiting & East Chicago Electric Railway Company* v. *Antonia* (1908), 41 Ind. App. 335, 83 N. E. 766; *Indianapolis Street Railway Company* v. *Johnson* (1904), 163 Ind. 518, 72 N. E. 571.

"No. 15. If you find from the evidence, under the instructions of the court, that plaintiff is entitled to recover in this cause, then in assessing her damages you should take into account the extent of plaintiff's injuries, so far as they have been shown by the evidence, the pain and suffering endured by her, if any, her mental pain and anguish, shame and humiliation, if any have been proved, and award such damages as you may think proper and right, in view of all of the facts and circumstances proved on the trial, not in excess, however, of the amount prayed for in the complaint. It is the law, however, in this state that in actions of this kind you are not permitted to assess what is known as punitive damages or damages in the nature of a punishment against said defendant." The complaint charged this to have been a willful assault and there is evidence to support this and the proper elements of damage as above set out are approved in *Kline* v. *Kline* (1902), 158 Ind. 602, 64 N. E. 9.

In his motion for new trial appellant assigned as a ground therefor the refusal of the court to give instruction numbered 2 as requested by him. This instruction is not set out in the brief nor is there any proposition in reference thereto therein,

therefore this ground of the motion for new trial is not properly before the court.

Under the ground that the court erred in overruling appellant's motion to strike out appellee's exhibit A the appellant says it was incompetent for the reason that it injected an issue in the case which was wholly foreign to the issues presented and that it is a cause for reversal unless it appears that such evidence did not influence the result. The exhibit was the contract entered into between the parties and it specifically says that the payments were to be made in advance at appellant's residence as set out in the contract, in the city of Indianapolis, Indiana, which was some reason for her having been there on this occasion. We do not think this is such error as necessitates a reversal and even though it might be said to be erroneous it can not be said to be prejudicial to the rights of the appellant.

From the above discussion it is apparent that the verdict of the jury is not contrary to law.

Finding no reversible error, the judgment of the Johnson Circuit Court is in all things affirmed.